ROBERT C. CHAPMAN *v.* ZONING BOARD OF APPEALS OF THE TOWN OF OLD LYME ET AL.
(8674)

DALY, O'CONNELL and CRETELLA, Js.

Argued October 1—decision released October 11, 1990

*John S. Bennet,* with whom was *Robert J. Larson,* for the appellant (plaintiff).

*David M. Royston,* for the appellees (defendants).

PER CURIAM. This is an appeal from the judgment of the trial court dismissing the plaintiff's zoning appeal. The plaintiff applied for a variance to the Old Lyme zoning board of appeals, which denied the application. Upon our granting of certification, the plaintiff appealed to this court. The plaintiff sought a variance from zoning regulations governing minimum lot area, side yard area, and rear yard area in order to construct a 1380 square foot house. The record reveals that the plaintiff purchased the lot in 1962, sold it, and then repurchased it in 1969. Both purchase dates occurred after the enactment of the minimum area regulations. The property is located on the west shore of Rogers Lake in Old Lyme, an area consisting of small parcels, a number of which contain seasonally used cottages. The area is located in an RU-80 zone which requires a building lot to consist of a minimum of 80,000 square feet. The plaintiff's parcel is only 20,900 square feet. The zoning board noted that the actual market value was $3000, a minimal sum relative to the value that the property would have if it were a developable parcel. The board unanimously rejected the application for a variance, concluding that the applicant failed to establish that a unique hardship existed or that the land would lose value as a result of the denial of the variance.

The thrust of the plaintiff's argument on appeal is that the enforcement of the zoning regulations caused the plaintiff unusual hardship entitling him to a variance under General Statutes § 8-6 (3) and constituted a taking without just compensation under the state and federal constitutions. General Statutes § 8-6 (3) authorizes the board to grant a variance, if the variance would not substantially affect the comprehensive zon-

ing plan and adherence to the ordinances caused unusual hardship, unnecessary to implement the general purpose of the plan. *Grillo* v. *Zoning Board of Appeals,* 4 Conn. App. 205, 208, 493 A.2d 275 (1985). A hardship must be different in kind from that generally affecting properties in the same zone. *Green* v. *Zoning Board of Appeals,* 4 Conn. App. 500, 503, 495 A.2d 290 (1985). If any one of the board's reasons is sufficient to support the denial of the variance, its decision must be upheld. *R. B. Kent & Son, Inc.* v. *Planning Commission,* 21 Conn. App. 370, 373, 573 A.2d 760 (1990). Here, other lots in the same zoning district as the plaintiff's also were nonconforming. Therefore, the record supports the board's conclusion that the plaintiff did not suffer any unusual or unique hardship. Nor did the denial of the variance constitute an illegal taking. A taking occurs when there is a substantial interference with private property that destroys or nullifies its value or by which the owner's right to its use or enjoyment is in a substantial degree abridged or destroyed. *Textron, Inc.* v. *Wood,* 167 Conn. 334, 346, 355 A.2d 307 (1974).

The plaintiff argues that he proved loss of value, but the board improperly disregarded expert testimony of this loss. Factual issues, including the credibility of witnesses, are within the province of the agency. *Feinson* v. *Conservation Commission,* 180 Conn. 421, 425, 429 A.2d 910 (1980). The evidence was sufficient to support the board's conclusion that there was no taking. The plaintiff purchased a lot at a minimal price because it was nonconforming under then current zoning regulations. The denial of the variance maintains the status quo.

The plaintiff further claims that the board exceeded its authority by considering matters that were outside its jurisdiction. This claim has no merit because we con-

clude that the trial court's decision was not clearly erroneous when it found that the board's decision was fully supported by the record.

The judgment is affirmed.