[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff-appellant appeals to this court from a decision of the named defendant denying the plaintiff's application for variances on his real property. The plaintiff sought a variance from the zoning regulation governing minimum lot area. 11.3, Zoning Regulations of The Town of Fairfield; and a variance from the way in which lot area is calculated. 31.2.13, Zoning Regulations of The Town of Fairfield.
Section 11.3 requires that any lot within the zoning classification of the Beach District "shall have a minimum area of nine thousand three hundred seventy-five (9,375) square feet and shall be of such shape that a square with fifty (50) feet on each side will fit on the lot."
Section 31.2.13 requires that in calculating the required minimum area of 9,375 square feet (or any area requirement in any zoning classification), "land in a . . . flood plain district shall not be used to satisfy a lot area requirement in any other district."
The plaintiff owns real property partially located in the area designated a "Beach District" and partially located in an area designated a "Flood Plain District." He requests the division of his property into two lots, neither one of which will satisfy the area requirements of the "Beach District" unless he can use the portion of the lot located in the "Flood Plain District" to satisfy the area requirement. The lot has 23,000 square feet, 17,433 of which are outside the "Flood Plain District." Therefore, the plaintiff does possess enough area for one conforming lot. CT Page 4992
The plaintiff argues that his property is adversely affected by the manner in which Pine Creek meanders. He questions whether the boundary defining the Flood Plain District was properly drawn, and argues that logically, his property should not be within it. "It makes little sense," he states, "that the line should remain as drawn thirty-five years ago. . . ." Plaintiff's brief, p. 7. AS a consequence, he argues that he is aggrieved by the regulations, and that the Board's refusal to grant his variances was an abuse of its powers. It is an interesting argument.
The Town counters that based upon the existing record, the Board's decision that no hardship was proved was well within its authority, and that its appeal should be more properly directed to the zoning department's legislative arm.
The question before the Court is whether the Board failed to properly apply the requirements of Section 8-6, General Statutes, and thereby abused its power to grant variances. A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations. Grillo v. Zoning Board of Appeals,206 Conn. 362, 372. Before granting a variance the Board must determine that two conditions are met: 1) the variance may not substantially affect the comprehensive zoning plan; and 2) adherence to the strict letter of the zoning ordinance must cause unusual hardship. Smith v. Zoning Board of Appeals,174 Conn. 323, 326 (1978); Chapman v. Zoning Board of Appeals,23 Conn. App. 441, 442-43. Proof of hardship is a condition precedent to granting a variance; Point O'Woods Association, Inc. v. Zoning Board of Appeals, 178 Conn. 364, 365; but the hardship cannot be self imposed by the property owner; Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39 (1982); Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 205-06 (1989); and it is hornbook law that the hardship may not be purely financial. Libby v. Board of Zoning Appeals, 143 Conn. 46, 51
(1955). Moreover, the burden of showing a hardship exists rests firmly upon the applicant. Kelly v. Zoning Board of Appeals,21 Conn. App. 594, 599 (1990). It must be a hardship unique to the applicant, not a mere general hardship affecting other area properties. Ward v. Zoning Board of Appeals, 153 Conn. 141,144-45 (1965).
Although the court sympathizes with the plaintiff's argument, it is constrained by the legal prohibition that it may not act outside of the careful strictures placed upon it by statute in zoning appeals. While the plaintiff's brief makes judicial interference tempting, courts must remind themselves of the limited nature of their review which is based upon the record already made. Factfinding is the province of the Board. CT Page 4993
The plaintiff appears to meet the first condition of compatibility with the overall plan. It is the second condition which causes his argument to falter. After complete review of the record the court cannot say that the Board could not decide as it did; or that it was required to find that a hardship exists. It was not so required. The Board could find from the record that only a financial hardship exists and that the property still maintains a valuable use. Furthermore, when the applicant purchased the property it possesses it was residentially zoned. A subsequent zone change considerably reduced the minimum lot size requirement. Clearly, the plaintiff was aware that he could not use the property for two lots when it was purchased. Regarding a landowner's attempt to divide his property into two lots, the court is reminded of the language of the court in Aitken which held that "this situation is self-created and, therefore, not a sufficient reason to depart from the zoning regulations." Aitken v. Zoning Board of Appeals, supra at 206.
Nevertheless, based upon the equities set forth with clarity in the Plaintiff's brief, it would seem that there might be a valid case for the zoning department's legislative arm to consider. Arguments which dispute the suitability of property to remain in a particular zone are "properly addressed to the promulgators of the ordinance and not to those who have been empowered to grant variances." Ward v. Zoning Board of Appeals, supra, 145. If the plaintiff's argument that the division line set by the town is totally arbitrary and out of touch with a stream that has meandered for 35 years, this might be a proper case for amending the zoning boundaries. Not every zoning change affecting one particular lot constitutes spot zoning.
Because the court may decide only whether the Board acted within the mandates of Section 8-6, the court concludes that it has.
The plaintiff's appeal is denied and dismissed.
SAMUEL S. FREEDMAN, JUDGE.