[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Zoning Board of Appeals of the Town of Old Lyme to deny the plaintiff's application for a variance from a minimum lot area requirement.
The issue is whether the defendant, the Zoning Board of Appeals of Old Lyme (the Board), acted unreasonably, illegally, or arbitrarily when it denied the plaintiff's application for a variance.
The plaintiff, William R. Francini, applied for a variance from the lot area requirement of the Town of Old Lyme Zoning Regulations (zoning regulations) in order to construct a year round single family dwelling. Return of Record (ROR), Exhibit (a), Application for Variance, P. 1. The lot is located in an R-10 zone and consists of 8,000 square feet. ROR, Exhibit (f), Plot Plan. However, Art. II, A.2 of the zoning regulations requires that the minimum lot are, a in an R-10 zone be 10,000 square feet. Zoning Regulations, Art. II, A.2. In his variance application, the plaintiff stated that the conditions creating an exceptional difficulty or unusual hardship warranting a grant of variance are (1) "change of zoning requirements" and (2) "no other land available to make lot conforming." ROR, Exhibit (a), Application for Variance, p. 2. The plaintiff further stated that the hardship was unique because "most of surrounding lots have built upon." ROR, Exhibit (a), Application for Variance, p. 2.
A hearing was held before the Board on May 21, 1991. ROR, Exhibit (c), Letter from the Board to Francini dated May 10, 1991. The evidence indicates that the plaintiff was aware at the time he bought the property that it was not 10,000 square feet. ROR, Exhibit (d), Public Hearing Transcript, p. 5. The assessed value of the property CT Page 8699 is $13,500; ROR, Exhibit (d), Public Hearing Transcript, p. 8. Testimony indicates that other nonconforming lots, that were developed are assessed at $100,000. ROR, Exhibit (d), Public Hearing Transcript, p. 20. The record also reflects that the lot existed in its current state before the Zoning regulations were first adopted. ROR, Exhibit (h), Warrantee Deed. Under the zoning regulations, the only permitted use that is applicable to this lot is a use as a single family dwelling without any distinction between seasonal and year round dwellings. Zoning Regulations, Art. II, A.1. The Board voted to deny the variance on the basis that
 [1] There are other uses for the property; [2] It was not a unique hardship; [3] He created the hardship; [4] No sufficient hardship was shown to substantiate this, request and [5] it would not be within the plan of Zoning . . . [and] was not in harmony with use of area which is predominantly seasonal.
ROR, Exhibit (i), Zoning Board of Appeals Minutes, May 30, 1991, p. 5.
A. Jurisdiction of the Court
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created the right. Simko v. Zoning Board of Appeals,206 Conn. 374, 377, 538 A.2d 202 (1988). These provisions are mandatory and jurisdictional; failure to comply may subject the appeal to dismissal. Id.; Capalbo v. Planning Zoning Board of Appeals, 208 Conn. 480, 485, 547 A.2d 528 (1988).
B. Aggrievement
General Statutes 8-8 provides that a party must be aggrieved in order to maintain an appeal to the superior court from a decision of a zoning board. Aggrievement was found by the court, Hurley, J., on April 29, 1992.
C. Timeliness
General Statutes 8-8(b) requires that a zoning appeal be commenced "within fifteen days from the date that the notice of decision was published." The notice of the decision was published in the Pictorial Gazette on June 11, 1991. ROR, Exhibit (j), Legal Notices.
CT Page 8700 General Statutes 8-8(e) provides:
 "[s]ervice of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
The town clerk was served with two sets of process on June 26, 1991. The Chairperson of the Board was not served at her usual place of abode until one day after the fifteen-day period on June 27, 1991.
However, General Statutes 52-593a provides:
 (a) Except in the case of an appeal from an administrative agency governed by Section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
This statute applies to zoning appeals. "If the legislature had intended to exclude administrative appeals pursuant to Connecticut General Statutes 8-8, it would have expressly done so as it did in the case of an appeal from an administrative agency governed by the UAPA, Connecticut General Statutes 4-183." Flaim Enterprises, Inc. v. Town Plan and Zoning Commission of the Town of Orange,3 Conn. L. Rptr. 291, 292 (February 27, 1991, Celotto, J.).
Therefore, General Statutes 52-593a applies to this zoning appeal and extends by fifteen days the time that the sheriff may serve the defendant provided that the process has been personally delivered to the sheriff within the time limited by law. The original returns of service reflect that the sheriff had possession of the process on June 26, 1991, which is within the fifteen day period provided by 8-8. The sheriff then served process upon the Chairperson on June 27, 1991, within the fifteen days provided by 52-593a. CT Page 8701 Therefore, this appeal was timely filed.
D. Scope of Review
In zoning appeals, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674,676, 559 A.2d 1174 (1989).
 [T]he board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal . . . . [A] reviewing court reviews the record of the administrative proceedings to determine whether . . . the board `has acted fairly or with proper motives or upon valid reasons.' (Citations omitted.)
Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1989).
If the reasons given by the board "are inadequate, the trial court must search the record to determine whether a basis exists for the action taken." Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 732, 546 A.2d 919
(1988), aff'd 211, Conn. 76 (1989) (per curiam). "The question on review of a zoning . . . decision is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the decision reached." Primerica v. Planning and Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989). Conclusions reached by the board must be upheld if they are reasonably or adequately supported by the record. Id.
For the appeal to be sustained, the burden is on the plaintiff to prove that the Board acted illegally, arbitrarily or in abuse of its discretion in granting the variance. Adolphson v. Zoning Board of Appeals, 205 Conn. 703,707, 535 A.2d 799 (1988).
E. Arguments
The plaintiff asserts that the lot area became nonconforming as a result of the change of zoning regulations. He argues that the hardship he suffers is not self-created in that the nonconformity was preexisting, and that the nonconformity is a vested right.
Second, the plaintiff argues that the application CT Page 8702 of the zoning regulations to his parcel of land created an unusual hardship in that the regulations "prohibit any active use of the property." Plaintiff's Brief, p. 11. He, argues that it may not be built upon land may not be used for any other of the limited activities permitted in the zone. He further states that the lot may not be made conforming as it is bordered by two improved lots and two public streets. The plaintiff argues that the only use available is "open space," which the plaintiff argues is confiscatory. Further, the fact that other nonconforming lots face a similar hardship should not defeat a variance grant.
Third, the plaintiff argues that while there was discussion as to the possibility of a seasonal dwelling, the zoning regulations do not distinguish between seasonal and year round dwellings, and the distinction is "not significant either from a factual or a legal point of view." Plaintiff's Brief, p. 19-20. He argues that if seasonal use had been made a condition of the grant of a variance, it would not have been a reasonable one because the regulations "permit nonconforming uses of the land and buildings to be changed to another use if such new use is a conforming use." Plaintiff's brief, p. 22. The plaintiff argues that here, it is the lot, and not the use that is nonconforming, and if he had a preexisting house that was used seasonally, he would be able to change to a year round use without contravening the zoning regulations. Therefore, if the Board approved a variance on the condition that the use be seasonal, it would be unreasonable.
The plaintiff argues that if the basis of such condition is the concentration of population, then the Board should legally condition the use of the property to winter months when there is a smaller population. The plaintiff further asserts that he is in compliance with the state's health code.
The defendant argues "the variance was not, in harmony with and would adversely affect the, comprehensive zoning plan where the plaintiff proposed the construction of a dwelling to be used on a year round basis in an area of substandard lots occupied by predominantly seasonal dwellings." Defendant's Brief, p. 4. It further argues that it was "entitled to conclude that a year round dwelling in the subject location was not in harmony with the comprehensive zoning plan; and that if the plaintiff were entitled to relief a consistent alternative would be a seasonal dwelling, an alternative which was discussed, . . . but which the plaintiff has chosen not to pursue." Defendant's Brief, p. 5. CT Page 8703
The defendant also argues that the plaintiff failed to establish a unique hardship in that the plaintiff's hardship was no different from that affecting, other properties in the same zone. The defendant asserts that since plaintiff was aware that the lot was substandard and that the area was one of predominantly seasonal dwellings, the defendant properly denied the plaintiff's application for a variance that sought a more intensive use. The defendant further maintains that the denial of the variance is not a taking since it "did not indicate that it was unwilling to allow the plaintiff any, use of his property, but rather believed the year round use was excessive." Defendant's Brief, p. 7.
F. Analysis
1. Nonconformity
The threshold issue raised by the plaintiff is whether there is a legal nonconformity in which the plaintiff has a vested right. "Where a nonconformity exists, it is a vested right which adheres to the land itself. `And the right is not forfeited by a purchaser who takes with knowledge of the regulations which are inconsistent with the existing use.'" Johnny Cake, Inc. v. Zoning Board of Appeals, 180 Conn. 296, 300, 429 A.2d 883 (1988), citing Petruzzi v. Zoning Board of Appeals, 176 Conn. 479, 483,408 A.2d 243 (1979). If there is a legal nonconformity, the plaintiff need not obtain a variance. Here, however, there is no nonconforming use since the lot is vacant and has not been put to a use prohibited by the regulations.
The question then is whether an undersized lot area alone which had existed prior to the adoption of the zoning regulations may constitute a legal nonconformity that provides the plaintiff with the legal right to build. Research has revealed no case law which supports this proposition. A nonconformity is defined as a "use or structure prohibited by the zoning regulations but . . . permitted because of its existence at the time that the regulations are adopted." Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 710, 535 A.2d 799 (1988). Here, there is no currently existing use or structure prohibited by the regulations. Furthermore, the lot area is not currently in violation of any regulation as the lot is presently vacant. The lot would be nonconforming only for the purposes of building. Since the lot as a vacant lot is not nonconforming, there can exist no legal nonconformity in which the plaintiff has a vested right. Therefore, this lot CT Page 8704 is not a legal nonconformity.
Case law reveals, however, that where a hardship was created by the enactment of a zoning ordinance, a purchaser has the same right to seek a variance as the previous owner, and, if his request is supported in law, to obtain the variance. Johnny Cake, Inc. v. Zoning Board of Appeals, supra. Since the hardship here was created by the adoption of zoning regulations, the plaintiff has the right to seek a variance.
2. Variance
The next is whether the plaintiff is entitled to a variance. The authority of a zoning board of appeals to grant a variance under General Statutes 8-6(3) "requires the fulfillment of two conditions: `(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.'" Grillo v. Zoning Board of Appeals, 206 Conn. 362,368, 537 A.2d 1030 (1988). "The power of authorizing variances is to be sparingly exercised." Talmadge v. Board of Zoning Appeals, 141 Conn. 639, 643, 109 A.2d 253 (1954).
One condition of granting a variance is that an unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan must be shown. An unusual hardship "must be different in kind from that generally affecting properties in the same zoning district, and must arise from the circumstances or conditions beyond the control of the property owner." Smith v. Zoning Board of Appeals,174 Conn. 323, 327, 387 A.2d 542 (1978).
The Board concluded that there was no unusual hardship since it found that (1) there are other, uses, (2) the claimed hardship is not unique, (3) the claimed hardship was self-created, and (4) the plaintiff did not show a sufficient hardship.
As to the first reason, the record reveals that in an R-10 zone the only permitted use applicable to the subject property is a single family dwelling. Zoning Regulations, Art. II, Sec. A.1.1. Although the Board distinguished between seasonal and year round dwellings, the zoning regulations do not. Thus, under the regulations, a seasonal dwelling does not constitute a permitted use distinct, from a use as a year round dwelling, The record shows that the only use applicable to the property is a single family dwelling. CT Page 8705 The lot size requirement renders the property practically useless, since it prohibits the only permitted use that is applicable to the lot. Therefore, the Board's first reason for denying the variance is unsupported by the record.
As to the Board's second finding that the claimed hardship is not unique, the record indicates that a number of other properties were affected by the zoning regulations in a similar manner. ROR, Exhibit (d), Public Hearing Transcript, p. 5. The only evidence that indicates that the plaintiff's lot is unique is a statement by the plaintiff that his lot is the only one that is vacant. ROR, exhibit (d), Public Hearing Transcript, P. 13. However, the Chairperson of the Board noted during the hearing that there were many lots which were made nonconforming and that "[t]here are other lots on that street which have not yet been built upon which are also nonconforming." ROR, Exhibit (d) Public hearing Transcript, P. 5. "[T]he members of the [agency] are entitled to take into consideration whatever knowledge they acquire by personal observation." Central Bank for Savings v. Planning Zoning Commission, 13 Conn. App. 448, 454, 537, A.2d 510 (1988). Therefore, the record supports the Board's conclusion that the plaintiff did not suffer any unusual or unique hardship. See Chapman v. Zoning Board of Appeals,23 Conn. App. 441, 443, 581 A.2d 745 (1990).
As to the Board's third finding that the claimed hardship was self created, the record indicates that the lot consisted of 8,000 square feet before the zoning regulations were adopted; ROR, Exhibit (h), Warrantee Deed, and that the lot became nonconforming for the purposes of building as a result of the enactment of the zoning regulation. "[I]f the hardship is created by the enactment of a zoning ordinance and the owner of the parcel could have sought a variance, then the purchaser has the same right to seek a variance and, if his request is supported in law, to obtain the variance." Johnny Cake, Inc. v. Zoning Board of Appeals, supra. Here, the record reveals that the hardship was created by the enactment of the regulations, and that "the plaintiff, as purchaser had the same right to obtain a variance to use [the land] as the legal owner of the property at the time of the [adoption of the regulations]." Lawrence Memorial Hospital, Inc. v. Zoning Board of Appeals, 22 Conn. App. 291,300-301, 577 A.2d 740 (1990). Therefore, the record does not support the Board's conclusion that the hardship was self-created.
However, since the record supports the finding that the hardship was not unique, the Board's fourth finding that the plaintiff did not show a sufficient hardship is supported CT Page 8706 by the record. See Chapman v. Zoning Board of Appeals, supra, 443.
3. Taking
The final issue is whether a denial of the, variance would result in a taking. The denial of the variance did not constitute an illegal taking that requires compensation. "A taking occurs when there is a substantial interference with private property that destroys or nullifies its value or by which the owner's right to its use or enjoyment is in a substantial degree abridged or destroyed." Chapman v. Zoning Board of Appeals, supra, citing Textron, Inc. v. Wood,167 Conn. 334, 346, 355 A.2d 307 (1974). The evidence could support a finding that there was no taking in that "[t]he plaintiff purchased a lot at a minimal price because it was nonconforming under then current zoning regulations. The denial of the variance maintains as status quo." Chapman v. Zoning Board of Appeals, supra., 443.
Since the Board's decision is supported by the record, the Board did not act unreasonably, illegally, or arbitrarily. Therefore, the appeal is dismissed.
Hurley, J.