[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Arthur Fasig, pursuant to Connecticut General Statutes § 8-8 (b), appeals two decisions of the defendant, the Town of New Fairfield Zoning Board of Appeals (hereinafter ZBA), denying his two applications for a variance of town zoning regulations under the powers granted the ZBA by General Statutes § 8-6.
The ZBA timely published notice of its August 17, 1995 denial (hereinafter Fasig I) in the local New Fairfield newspaper on August 23, 1995. (Fasig I Return of Record [ROR], Ex. 14, Notice of Decision of 8/17/95.) The ZBA also timely published notice of its subsequent November 16, 1995 denial (hereinafter Fasig II) on December 2, 1995. (Fasig I ROR, Ex. C(4), Notice of Decision of 11/16/95.) On March 6, 1996, the court (Stodolink, J.) granted the plaintiff's motion to consolidate the two actions.
As the parties do not dispute, the plaintiff is the contract purchaser of two adjacent parcels of land located at 14 and 16 Pettit Street in the Town of New Fairfield, Connecticut. (Fasig II ROR, Ex. A(1), Variance Application of 8/28/95.) The two properties are currently owned by different people. Id. They are each 100 feet by 100 feet. Id. (Fasig II ROR, Ex. H(5), Map #238 of Ball Pond Estates dated 8/52.) Both are undeveloped and are part of a subdivision named Ball Pond Estates that was originally approved and recorded in 1952. (Fasig II ROR, Ex. H(5).) A different set of zoning regulations was in effect at that time. (Fasig II ROR, Ex. H(6), Excerpts from Manual of the Planning and Zoning Comm. — 4/51 Regs.)
The plaintiff proposes to build a single family home on the two lots. The plaintiff received a preliminary approval for a septic system, provided that the two lots would be merged into one. (Fasig I ROR, Tr. of 8/17/95 Hearing, 7-8.) The plaintiff's proposal was, however, denied by the town zoning officer for failure to meet the setback requirements of forty (40) feet in the front and fifty (50) feet in the rear. (Fasig I ROR, Ex. 1, Den. of Zoning Permit Rpt. dated 6/14/95.) The plaintiff applied to the defendant ZBA (Fasig I) for a variance of the front setback as to 16 Pettit Street to twenty (20) feet and the rear CT Page 5284-YYYYYYYY to twenty-two (22) feet. (Fasig I ROR, Ex. 2, Variance Application dated 7/27/95.) In his applications for the variances, the plaintiff identified the lots by their original numbers of 27 and 28 but listed the address only as "#16 Pettit St." and noted the dimensions as 200 feet by 100 feet — the two lots combined size. Id. (Fasig II ROR Ex. A(1).)
The first application was denied on August 17, 1995 (Fasig I). Soon thereafter, on August 28, 1995, the plaintiff again applied for a variance (Fasig II), seeking setbacks slightly modified from his first application. This application was also denied. During the hearing on the second application, the plaintiff noted that he would merge the properties into one lot upon approval of the variance. (Fasig II ROR, Ex. G(2), Tr. of 10/19/95 Hearing, Statements of Atty. for Pl.)
Under the current zoning regulations, the properties are in a R-44 residential district. (Fasig II ROR, Ex. H(7), Zoning Regulations.) This zone requires a minimum of one acre lot size. Id. The proposed merged lot and the current lots are less than one acre in size. The ZBA did not formally articulate its reasons for denying either of the applications.
In his appeals, the plaintiff alleges that the ZBA acted illegally, arbitrarily, and in abuse of the discretion vested in it in a number of ways. In Fasig I, the plaintiff alleges in his appeal: (1) adherence to current zoning regulations constitutes a hardship; and (2) the property only need adhere to the requirements in effect as of the original approval in 1952. In the brief accompanying this appeal, he raises two new claims that were not alleged in the appeal as served on the defendant: (1) the ZBA's consideration of matters outside the record; and (2) their failure to state reasons for the denial. In Fasig II, the plaintiff, in addition to the same two allegations raised in the Fasig I appeal, further alleges: (1) the composition of the ZBA was improper; and (2) the ZBA improperly failed to state a reason for its denial. The brief accompanying the second appeal does not discuss the improper composition of the board.
JURISDICTION
 A AGGRIEVEMENT
As a contract purchaser of both 14 and 16 Pettit Street, the CT Page 5284-ZZZZZZZZ court finds that the plaintiff is aggrieved. "The plaintiff, having executed binding contracts to purchase the several adjoining lots depicted in his application, was vested with equitable title to the entire tract. . . . [The Supreme Court has] previously held that a contract purchaser of real property, such as this plaintiff, has sufficient interest in the property to have standing to apply for a special exception or zoning variance." (Citations omitted.) Shapero v. Zoning Board,192 Conn. 367, 376, 472 A.2d 345 (1984).
 B TIMELINESS
When initiating his appeal of Fasig I (Docket No. CV95 321845), the plaintiff served a citation and appeal upon the town clerk on behalf of the ZBA; and Donald Kamps, Chairman of the ZBA, on September 6, 1995. Initiating his appeal of Fasig II (Docket No. CV96 322616), the plaintiff served the same parties on December 5, 1995. The court finds that both appeals were properly served upon the proper parties and were timely pursuant to the requirements of General Statutes § 8-8(b) and (e).
STANDARD OF REVIEW
The scope of judicial review in a zoning appeal "depends on whether the zoning commission has acted in its `legislative' or `administrative' capacity." Kaufman v. Zoning Commission,232 Conn. 122, 150, 653 A.2d 798 (1995) (distinguishing standards of review for legislative and administrative capacities). Where the zoning commission acts in an administrative capacity, "[j]udicial review . . . requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Citations omitted; internal quotation marks omitted.) Schallenkamp v. DelPonte, 229 Conn. 31,40, 639 A.2d 1018 (1994); Kaufman v. Zoning Commission, supra,232 Conn. 151. "In appeals from administrative zoning decisions, by contrast [with legislative actions], the decisions will be invalidated even if they were reasonably supported by the record, if they were not supported by 'substantial' evidence in that record." Kaufman v. Zoning Commission, supra, 232 Conn. 151, citing Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,540, 525 A.2d 940 (1987). In fulfilling its administrative function, the commission need only ascertain compliance with the zoning regulations and statutes. Id. "A zoning board of appeals CT Page 5284-AAAAAAAAA in acting upon a request for a variance is acting in an administrative capacity. . . ." Notaro v. Smelter, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV95 049850 (August 3, 1995, Thompson, J.).
"The burden of proof is on the plaintiff to demonstrate that the [commission] acted improperly." Spero v. Guilford ZoningBoard of Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). "It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Citations omitted; internal quotation marks omitted.) Connecticut Resources Recovery Auth. v. Planning Zoning Commission, 225 Conn. 731, 744 (1993).
The plaintiff raises a number of different claims in his two appeals and their respective briefs. The court, however, need only consider those arguments which are both raised in the appeal and argued in the brief. General Statutes § 8-8(g), under which this administrative appeal is brought, provides that: "The appeal shall state the reasons on which it has been predicated. . . ." Further, "[a]ppeals to the courts from the decisions of administrative agencies exist only under statutory authority." Avery v. Stafford Planning Zoning Commission,
Superior Court, judicial district of Tolland at Rockville, Docket No. 44737 (March 17, 1992, Klaczak, J.), citing Rybinski v. StateEmployees' Retirement Commission, 173 Conn. 462, 472 (1977). For this reason, "there must be strict compliance with the applicable statutory provisions." Id., citing Royce v. Freedom ofInformation Commission, 177 Conn. 584, 587 (1979). In Fasig I, the plaintiff's failure to allege in the appeal claims later asserted in his brief deprives the opposing party of the notice to which it is entitled. This precludes this court from addressing the two issues first raised in the brief. See Avery v.Stafford Planning Zoning Commission, supra (declining to consider issues first raised on brief); Yankofske v. Dept. ofMotor Vehicles, Superior Court, judicial district of Waterbury, Docket No. CV92 0110470 (March 8, 1993, Parker, J.) (observing that court would be justified in dismissing claim not raised until brief); see also Bouchard v. People's Bank, 219 Conn. 465,468 n. 4, 594 A.2d 1, quoting Morris v. Hartford Courant Co.,200 Conn. 676, 683 n. 5, 513 A.2d 66 (1986) (holding that if a movant fails to "specify the distinct reasons for the claimed insufficiency . . . in its motion, the motion [will be] `fatally defective' under Practice Book § 154 notwithstanding the CT Page 5284-BBBBBBBBB [movant's] inclusion of such reasons in its supporting memorandum.").
As to the Fasig Il allegations raised in the appeal but not discussed in the brief, the court deems the allegations abandoned. Ierardi v. Commission on Human Right Opportunities,15 Conn. App. 569, 585, 546 A.2d 870, cert. denied, 209 Conn. 813,550 A.2d 1082 (1988). Therefore, in summary, the only issues that the court will consider in the consolidated appeals are as to both appeals: (1) whether application of the current rules constitutes a hardship; (2) which of the current and 1952 zoning regulations apply; and, as to Fasig II only, (3) whether the ZBA acted improperly by not articulating its reasons for the denial.
ALLEGATIONS OF PLAINTIFF
 A ADHERENCE TO REGULATIONS IN EFFECT IN 1952
The plaintiff asserts that the regulations in effect when the subdivision was first approved in 1952 are the only regulations to which the property need comply. The defendant counters by arguing that the lots have merged and consequently are no longer controlled by the 1952 approval. General Statutes § 8-26a(b) "shields from subsequent zoning regulations lots shown in a subdivision plan that was approved prior to the regulatory changes by the planning commission or other body exercising the powers of a planning commission."[1] Johnson v. Board of ZoningAppeals, 35 Conn. App. 820, 824, 646 A.2d 953 (1994). "Contiguous [parcels of] land owned by the same person can merge into one lot if the owner so intends or the relevant zoning regulations so require. . . . Once merged, the lots form one lot that meets or more closely approximates the zoning requirements and the separate lots lose their exception for nonconformance." Id., 826.
"Merger can occur by operation of law. . . . [A] town's zoning regulations may mandate merger of adjacent lots that are commonly owned." Marino v. Zoning Board of Appeals, 22 Conn. App. 606,607 n. 1, 578 A.2d 165 (1990). "[Ilt is not uncommon for a local zoning ordinance, in an attempt to reduce non-conforming lots to conforming lots, to include a provision requiring that substandard lots be merged with subsequently acquired adjacent lots, so that as a result, the combined lots equal or exceed the required minimum area." Johns v. Old Lyme Zoning Board ofAppeals, Superior Court, judicial district of New London at New CT Page 5284-CCCCCCCCC London, Docket No. 50 49 32 (September 8, 1988, Hurley, J.), citing 3 Rathkoph, Law of Zoning and Planning § 32.07 (4th Ed., Rev. to 1987). Therefore, the question of whether the ZBA correctly subjected the property to the current zoning regulations depends on whether the two parcels of land merged into one.
The Town of New Fairfield Zoning Regulations include a provision requiring merger as a matter of law. Section 2.3 states: "Where two (2) or more nonconforming lots are contiguous, and in one ownership, such parcels shall be combined to provide conforming lots to the extent possible." As previously indicated, the plaintiff, as contract purchaser, is the equitable title holder of both lots at issue. Shapero v. Zoning Board, supra,192 Conn. 377. As the contract purchaser and equitable title holder, the plaintiff is the owner for purposes of § 2.3 of the zoning regulations. Therefore, pursuant to § 2.3 of the zoning regulations, the lots must be deemed merged into one for purposes of the plaintiff's application and appeal. Accordingly, the lots also lose their exemption from the zoning regulations now in effect and are subject to the setback requirements from which the plaintiff sought a variance.
 B DID THE PLAINTIFF ESTABLISH HARDSHIP
The next question to address is whether the plaintiff is entitled to a variance from the zoning regulations. The defendant, Zoning Board of Appeals, is authorized to grant variances under General Statutes § 8-6 (3). A zoning board may grant a variance from the regulations "if strict adherence to the zoning ordinance would cause unusual hardship unnecessary to achieving the [zoning] plan's purpose." Eagan v. Zoning Board ofAppeals, 20 Conn. App. 561, 563 (1990). The hardship imposed must be different in kind from any hardship generally affecting the other parcels of land in the same zone. Chapman v. Zoning Boardof Appeals, 23 Conn. App. 441, 442-43, 581 A.2d 745 (1990). Additionally, the circumstances creating the hardship must be beyond the landowner's control. Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 39, 438 A.2d 1186 (1982). Financial loss alone will normally not be sufficient to entitle the landowner to a variance. Hyatt v. Zoning Board of Appeals, 163 Conn. 379, 383,311 A.2d 77 (1972).
The plaintiff argues in the alternative to his other CT Page 5284-DDDDDDDDD arguments that the regulations impose a hardship upon him because the setback requirements would leave only a ten (10) foot wide margin (including overhangs and exterior stairways) within which to build a structure. In contrast, the defendant's position is that any hardship is neither unique nor caused by the regulations. They argue that the hardship is self-created.
As held above, the two lots at issue have merged by operation of the zoning regulations. The record also indicates that the plaintiff needed the second lot in order to get approval for a septic system. Because the lots have merged, they are now subject to the current zoning regulations and, under the current regulations, the plaintiff can only build if he obtains a variance. All of the regulations limiting the plaintiff's ability to build on the lots were in effect when he purchased them. "A person who purchases land with knowledge, actual or constructive, of the zoning restrictions which are in effect at the time of such purchase, is said to have created for himself whatever hardship such restrictions entail." R. Anderson, American Law of Zoning § 20.44 (3d Ed. 1986). "It is well established that a hardship that is self-created is never a proper grounds for a variance." Aitken v. Zoning Board of Appeals, 18 Conn. App. 195,206, 557 A.2d 1265 (1989). The record contains substantial evidence to support the ZBA's determination that the plaintiff's hardship did not entitle him to a variance. The plaintiff's own actions triggered the merger of the lots and application of the setback requirements. Consequently, the hardship that has befallen the plaintiff cannot be said to be the product of strict adherence to the regulations.
 C FAILURE TO STATE A REASON FOR DENIAL
The plaintiff is correct in his assertion in Fasig II that the ZBA violated its zoning regulations by failing to state the reasons for its denial. However, this alone is not sufficient justification for the trial court to sustain the plaintiff's appeal. Caserta v. Zoning Board of Appeals, 28 Conn. App. 256,259, 610 A.2d 713 (1992), citing Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604, 605, 569 A.2d 1094 (1990) (holding that failure to state reasons is insufficient basis by itself to sustain appeal). Although appearing to be directly contrary to the terms of General Statutes § 8-7,[2] courts have long followed the rule that where a board does not state the reason for its decision, "the trial court must search the record CT Page 5284-EEEEEEEEE to find a basis for the action taken." A. P. W. Holding Corp.v. Planning Zoning Board, 167 Conn. 182, 186 (1974); Caserta v.Zoning Board of Appeals, supra, 28 Conn. App. 259.
The court, having found that the record contains substantial evidence to support the ZBA's action, hereby dismisses the appeal.
Riefberg, J.