HIGHLAND PARK, INC., ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF NORTH HAVEN

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued April 5—decided April 26, 1967

*David W. Skolnick,* for the appellants (plaintiffs).

*Lawrence J. Carboni,* for the appellee (defendant).

ALCORN, J. The essential facts are not in dispute. The plaintiff corporation built a house, which it still owns, on lot 19, which it owns in a subdivision developed by it in North Haven. After the house was built, it was found to be located only five feet from the sideline of the lot, whereas the applicable zoning regulations require a minimum sideyard width of ten feet. Another house which the corporation built, and has since sold, on the adjoining lot, was placed twenty-five feet from the boundary line between the two lots so that the houses are actually thirty feet apart.

The plaintiff Leonard Intelisano applied to the defendant zoning board of appeals, alleging that he is the owner of lot 19 and seeking a variance of the sideyard requirement on that lot. No point is

made of the status of the applicant, apparently because he is the principal stockholder, a director, and the president and chief executive officer of the corporation. The variance was sought on the grounds that the position of the house on lot 19 was due to an error made either by the surveyor or by the foundation contractor employed by the corporation, that the owner of the adjoining lot has demanded an exorbitant price for a strip of land necessary to relocate the dividing line between the lots, and that the type of construction of the house on lot 19 was such that it could not be remodeled or moved and must be demolished unless a variance is granted.

The powers of the defendant board, as defined in § 11.6.3 of the North Haven zoning regulations, are those commonly encountered in conformance with § 8-6 (3) of the General Statutes.[1] The board, following a hearing, denied the application for a variance, stating six reasons for its action. The corporation and Intelisano appealed to the Court of Common Pleas, which rendered judgment sustaining the board's action, and they now appeal from that judgment.

The basic question is whether any one of the reasons assigned by the board for its decision is reasonably supported by the record and is pertinent to the considerations which the board is

---

[1] "[North Haven Zoning Regs. (1959, as amended)] § 11.6.3. To determine and vary the application of the Zoning Regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."

required to apply. *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 266, 205 A.2d 774; *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 268, 196 A.2d 758.

One of the reasons stated is that "[t]he applicant still retains ownership of the property and the condition underlying the appeal is self inflicted." In other words, any hardship present in the situation is due to the property owner's own error, or the error of those employed by the owner, and does not arise from the application of the zoning regulations themselves. *Wil-Nor Corporation* v. *Zoning Board of Appeals,* 146 Conn. 27, 31, 147 A.2d 197; *Misuk* v. *Zoning Board of Appeals,* 138 Conn. 477, 481, 86 A.2d 180. The evidence before the board fully supports this reason for its action. The board was without power to grant a variance when the claimed hardship was due to the property owner's own actions. *Booe* v. *Zoning Board of Appeals,* 151 Conn. 681, 683, 202 A.2d 245; *Hadik* v. *Zoning Board of Appeals,* 146 Conn. 737, 738, 150 A.2d 606. Consequently we need not discuss the other reasons assigned for the denial of the variance.

It appears that, at the same executive session of the board at which this application was denied, the board granted two other applications made by Intelisano, on behalf of the purchasers of two other lots in the subdivision, for variances to meet non-conforming front-yard requirements under the zoning act. The plaintiffs argue that this action of the board was inconsistent and indicates bias and prejudice in dealing with the application which is the subject of the present appeal. There is no appeal before us on the applications which were granted, and they are not germane to the issue. *Barnini* v. *Liquor Control Commission,* 146 Conn.

416, 418, 151 A.2d 697. Even so, it appears, quite aside from the absence, in the present case, of the full facts pertinent to those applications, that relief was there sought, at least in one case, on behalf of property owners who were not themselves responsible for a violation of the zoning regulations.

There is no error.

In this opinion the other judges concurred.