## WARREN R. SMITH ET AL. v. ZONING BOARD OF APPEALS OF THE TOWN OF NORWALK ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued November 2, 1977—decision released February 28, 1978

*Angelo J. Smeraldi,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Victor Feingold,* assistant attorney general, for the appellant (defendant commissioner of the department of transportation).

*Robert A. Slavitt,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellees (plaintiffs).

LONGO, J. This appeal presents a question of first impression—whether a condemning authority proposing a partial taking must show hardship to the property owner in order to obtain a zoning variance under General Statutes § 48-24.[1]  In April, 1972, pursuant to the provisions of what is now § 48-24, the defendant commissioner of the department of transportation, hereinafter the state, applied to the defendant zoning board of appeals of the town of Norwalk for a variance of the minimum lot area restriction on a house lot owned by the plaintiffs, Warren R. Smith and Sara F. Smith.  The variance was requested in anticipation of the state's taking of .03 of an acre of the plaintiffs' land in connection with the relocation of U.S. route 7.  The partial taking of a narrow strip running along the frontage on Perry Avenue reduced the one-acre lot to .97 of an acre, rendering the plaintiffs' property a non-

---

[1] "[General Statutes] Sec. 48-24.  CONDEMNING AUTHORITY TO OBTAIN ZONING VARIANCE FOR PORTION OF PROPERTY NOT TAKEN OR TAKE ENTIRE UNIT.  A condemning authority, if acquiring less than the total amount of a single unit of contiguous property, shall, if the remaining portion of such property does not conform to the area requirements of existing zoning regulations, obtain a zoning variance for such remaining portion of property from the local zoning board of appeals before condemning any portion of such property.  If such variance is not obtained prior to the taking by the condemning authority, the owner or owners of such single unit of contiguous property shall be reimbursed for the total amount of such unit and the condemning authority shall take title in fee simple to the entire unit of contiguous property."

conforming use under a Norwalk zoning ordinance requiring one acre of land for a single-family house in an "AAA" residence zone. The variance application was made without the knowledge or approval of the plaintiffs. After a public hearing which the plaintiffs attended, the board granted the application in a resolution stating that "the small difference of .03 of an acre should not be a substantial detriment to the zoning regulations or to the other houses in the area." The plaintiffs strenuously objected to the granting of the variance.

The state, upon certification, has appealed to this court from a judgment rendered by the Court of Common Pleas sustaining the plaintiffs' appeal from the action of the zoning board of appeals. The trial court decided the appeal on the record returned by the board. No finding was requested and none was made.

Where a zoning authority has stated reasons for its action, the questions for the court to determine on appeal are whether the reasons assigned are reasonably supported by the evidence in the record and whether they are pertinent to the considerations which the authority was required to apply under the governing statutes and zoning regulations. *DeMaria* v. *Planning & Zoning Commission,* 159 Conn. 534, 540, 271 A.2d 105; *Rogers* v. *Zoning Board of Appeals,* 154 Conn. 484, 489, 227 A.2d 91. In reviewing the court's decision absent a finding, we may consult the memorandum of decision to ascertain the conclusions upon which the court based its judgment. *Goldberg* v. *Zoning Commission,* 173 Conn. 23, 26, 376 A.2d 385; *A.P. & W. Holding Corporation* v. *Planning & Zoning Board,* 167 Conn. 182, 187, 355 A.2d 91.

General Statutes § 8-6[2] authorizes a zoning board of appeals to grant a variance where two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 280, 129 A.2d 619; *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 295, 99 A.2d 149. Section 118-32 of the Norwalk zoning ordinance adopts these statutory requirements.[3]

In its resolution granting the variance the board stated in effect that the first of these requirements had been satisfied. The board's conclusion was reasonably supported by evidence in the record that the plaintiffs' one-acre house lot would be diminished only by a narrow strip of frontage amounting to .03 of an acre. See *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 441, 101 A.2d 284. The court

[2] "[General Statutes] Sec. 8-6. POWERS AND DUTIES OF BOARD OF APPEALS. The zoning board of appeals shall have the following powers and duties: . . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."

[3] Section 118-32 (F) allows the zoning board of appeals to "[v]ary any requirement of these regulations in harmony with their general purpose and intent, so that substantial justice may be done. This authority shall be exercised in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations."

could not reasonably have rejected the board's conclusion, nor did it do so. Rather, the memorandum of decision indicates that the basis of the court's judgment in favor of the plaintiffs was its conclusion that the second requirement, hardship to the property owner, had not been met. The court reasoned that General Statutes § 48-24 must be read together with General Statutes § 8-6 to require that the state allege and prove hardship to the owner in order to obtain a variance under § 48-24. Since the record returned by the board revealed no showing of hardship to the plaintiffs, the court found the board's action to be illegal, arbitrary, and an abuse of discretion.

We agree with the reasoning of the court that in enacting § 48-24 when § 8-6 was in existence, the legislature must be presumed to have acted with existing relevant statutes in mind and with the intention of creating a consistent body of law. *Cicala* v. *Administrator,* 161 Conn. 362, 365, 288 A.2d 66; *Knights of Columbus Council No. 3884* v. *Mulcahy,* 154 Conn. 583, 589, 227 A.2d 413. We cannot agree, however, with the court's conclusion that the proper way to reconcile the two statutes is to require that the state show hardship to property owners in every application for an area variance under § 48-24. The meaning of "exceptional difficulty or unusual hardship" as used in General Statutes § 8-6 has been extensively litigated. It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner. *Garibaldi* v. *Zoning Board of Appeals,* 163 Conn. 235, 238–39, 303 A.2d 743; *Highland Park, Inc.* v. *Zoning Board of Appeals,* 155 Conn. 40, 43,

229 A.2d 356; *Booe* v. *Zoning Board of Appeals,* 151 Conn. 681, 683, 202 A.2d 245; *McMahon* v. *Board of Zoning Appeals,* 140 Conn. 433, 442, 101 A.2d 284. Surely there is a clear case of uncommon hardship beyond the control of a property owner when the state seeks to condemn a portion of his or her land and thereby render it nonconforming to a minimum lot area restriction. See 2 Rathkopf, Zoning and Planning (3d Ed.), p. 51-11. We conclude that exceptional difficulty or unusual hardship was implicit in the proposed taking which rendered the plaintiffs' property nonconforming and that no requirement of further proof of hardship devolved upon the state.

Our decision does not mean that whenever a condemning authority proceeds under § 48-24 it is automatically entitled to a variance. As the state properly points out in its brief, zoning boards of appeals remain responsible for determining whether a proposed variance is in harmony with the general purpose of the zoning regulations.

The remaining issue in this appeal is the plaintiffs' claim that the granting of a variance without their consent violates their constitutional right to just compensation by forcing them to assume the financial risk of structural alteration or sale of property subject to a variance. We disagree. The plaintiffs' claims for consequential damages to the remaining land resulting from the partial taking could be considered by a trier of fact under General Statutes § 13a-76. Damages would be calculated by subtracting the market value of the remainder after the taking from the market value of the property just prior to the taking. *Laurel, Inc.* v. *State,* 169 Conn. 195, 205, 362 A.2d 1383; *Meriden* v. *Highway Commissioner,* 169 Conn. 655, 660, 363 A.2d 1094.

The state referee could properly consider the variance as a factor affecting the market value of the plaintiffs' remaining land. *Talarico* v. *Conkling*, 168 Conn. 194, 197, 362 A.2d 862.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.