[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has appealed from a decision of the defendant North Stonington Zoning Board of Appeals (ZBA) granting the application of the defendant Christina Gray for a variance permitting the establishment of an interior building lot on property owned by Gray. The plaintiff owns property abutting that of the defendant Gray and therefore has standing to bring this appeal. Connecticut General Statutes Section8-8 (a).
Gray's property is located in an R-80, or rural preservation zone. The minimum lot size in this zone is therefore approximately two acres, and this zoning is the most restrictive in the town of North Stonington. The purposes behind R-80 zoning are "to maintain the low density of development in this area, encourage a continuation of agricultural activities, and preserve the appearance of remoteness and the rural character." North Stonington Zoning Regulations, Section 304.2.
In 1967, the Regulations were amended so as to provide that: "only one interior building lot may be established through a division from the original tract. Such original tract shall be one which existed as of May 21, 1964. This tract must be conforming to the appropriate zoning district prior to and subsequent to the establishment of the interior building lot and its access corridor." North Stonington Zoning Regulations, Section 611.3.
Prior to the time that the Regulations were amended so as to prohibit additional interior building lots, the defendant Gray had owned a 30 acre parcel which was subdivided in 1963, CT Page 9836 leaving her with the 12 acre tract that she currently owns. On April 1, 1966, she had reserved a 30 foot right of way over adjoining property that would have given access to an interior lot, should one subsequently be created. The Regulations as they existed at that time would have permitted the creation of an interior lot, but Section 611.3 now prohibits it.
Defendant Gray's request was to create two lots, one of 4.35 acres and the other of 7.17 acres. Each of these proposed lots obviously would have been well in excess of the minimum required by the Regulations. Gray's stated intent was to utilize approval of the requested variance in order to construct a single family residence on the interior building lot. Such a use would be a permitted use in an R-80 zone. North Stonington Zoning Regulations, Section 403.1.
The plaintiff has argued that he purchased his property because he wanted privacy, and that he relied on the Zoning Regulations to provide stability and reasonable certainty that he would be protected. Other than the plaintiff's statements, however, no other evidence in support of that claim was presented at the hearing.
"A variance is authority extended to the owner to use his property in a manner precluded by the zoning regulations. Burlington v. Jencik, 168 Conn. 506, 508, 362 A.2d 1338 (1975). A zoning board has the power to grant a variance if the variance will not substantially affect the comprehensive zoning plan and if strict adherence to the zoning ordinance would cause unusual hardship unnecessary to achieving the plan's purpose. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 38-39, 438 A.2d 1186
(1982); Aitken v. Zoning Board of Appeals, 18 Conn. App. 195,204, 557 A.2d 1265 (1989). Proof of hardship is, therefore, a condition precedent to the granting of a variance, and such hardship must arise from the circumstances or conditions beyond the applicant's control. Smith v. Zoning Board of Appeals,174 Conn. 323, 327, 387 A.2d 542 (1978); Aitken v. Zoning Board of Appeals, supra, 205." Eagen v. Zoning Board of Appeals,20 Conn. App. 561, 563.
In order for a zoning board of appeals to grant a variance, the variance must be shown not to substantially affect the comprehensive zoning plan, and adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals,206 Conn. 362, 368 (1988). Each of the two lots created by the proposed division would be more than double and treble, respectively, the minimum lot size required by the Regulations, and the use to which the proposed interior lot was to be put CT Page 9837 would have been a permitted use under the Regulations. The ZBA could therefore reasonably have concluded that, despite the plaintiff's claims of loss of privacy, the creation of two lots with personal residences on them, one of 7.17 acres and one of 4.35 acres, where one house on 12 acres had stood previously, would not change the character of the neighborhood designed to be preserved by the Regulations and that the requested variance was in harmony with the general purpose and intent of the Zoning Regulations.
The principal legal issue before this court is therefore whether or not the record supports the defendant Gray's claim of a legal hardship. Spencer v. Zoning Board of, Appeals of Town of Stratford, 15 Conn. App. 387, 544 A.2d 676
(1988). The plaintiff claims that the ZBA misconstrued Gray's desire to create an adjacent lot upon which her son could build a home as a "hardship", and he argues persuasively that if, indeed, that intention constituted the claim of legal hardship, it must fail. Hyatt v. Zoning Board of Appeals of Norwalk,163 Conn. 379 (1972). Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 239 (1972).
The ZBA, however, claimed to rely on the fact that "the Regulations changed at a date later than which the land was originally subdivided . . ." as the basis of its finding of a legal hardship. The ZBA reasoned that the fact that the Regulation precluding interior building lots in this zone went into effect after Gray had reserved her 30 foot right of way created a potential for hardship that was actualized when Gray decided to divide the property into two lots. On that basis, the Board decided to protect the individual property owner, Gray, from what it perceived to be unnecessary hardship. Finch v. Montanari, 133 Conn. 542, 124 A.2d 214 (1956).
The plaintiff appears to argue that because Gray articulated her request for a variance in terms of her desire to see her son build a home on property adjacent to hers, the Board is precluded from granting a variance based on some other grounds not asserted by the applicant. Boards of Zoning Appeals, however, are granted substantial discretion as long as they give reasons for the exercise of that discretion. Jeffrey v. Planning and Zoning Board, 155 Conn. 451, 454 (1967). If the fact that the right of way had already been reserved prior to the adoption of Section 611.3 of the Regulations were a valid basis for a finding of legal hardship, the fact that it was not specifically asserted by the applicant would not undermine the Board's decision. When the agency has formally stated the reasons for its decision, the court need not go beyond the official statement of the Board, and it should consider whether the reasons assigned by the Board are reasonably supported by CT Page 9838 the record and are pertinent considerations for granting a variance. Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146,151-54 (1976).
In fact, however, the ZBA's stated reason is little more than a restatement of the applicant's position but with some of the more personal elements removed. The change in the regulation affects all properties in the same zoning district and does not affect the Gray property peculiarly. See Smith v. Zoning Board of Appeals, 174 Conn. 323, 327 (1978); Hyatt v. Zoning Board of Appeals of Norwalk, 163 Conn. 379 (1972). Diminution of the value of the property is rarely enough to show hardship, Culinary Institute of America v. Board of Zoning Appeals, 143 Conn. 257 (1956), and, in any event, no evidence was presented to the ZBA suggesting any diminution in value.
The Supreme Court has noted that "a variance is not a personal exemption from the the enforcement of the zoning regulations . . . hardships in such instances as these do not arise from the application of the zoning regulations, per se, but from zoning regulations coupled with an individual's personal needs, preferences and circumstances. Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 239 (1972).
Allowing a variance simply because of a change in the regulations is inconsistent with the basis of zoning law. That such a change creates personal inconvenience and distress for a particular property owner is unfortunate, but probably inevitable. Unless accompanied by other characteristics which courts have previously found to constitute a legal hardship, the mere change in regulations does not support the granting of a variance.
The appeal is sustained.
Silbert, J.