[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, William E. Osborne and Bonnie M. Osborne, brought the instant appeal in two counts. In the first count the plaintiffs claim that the Zoning Board of Appeals of the Town of Guilford erred in granting a variance to John T. Conroy. The variance would vary the side yard requirement from 8 feet, required by Sec. 31.2, Table 3 of the Guilford Zoning Regulations, to 7.4 feet. In the first count the plaintiffs claim that the Zoning Board of Appeals was without authority to grant the variance because the difference between the required 8 feet and the allowed 7.4 feet was a self-created hardship.
In the second count the plaintiffs challenge the action of the Guilford Zoning Board of Appeals in upholding an interpretation by CT Page 6471 the Zoning Enforcement Officer of the Town concerning the presence or absence of a total of 24 feet of sideline as required by Article III, Sec. 31, Table 3, Item 8a of the Guilford Zoning Regulations.
Aggrievement
The defendant John T. Conroy, at least in his brief of January 25, 1994, argues that the plaintiff has failed to establish classical aggrievement. It was clear at trial that the plaintiff Osbornes are abutters of the subject property and, accordingly, are statutorily aggrieved in accordance with Sec. 8-8 (1) of the Connecticut General Statutes. Since the plaintiffs are statutorily aggrieved, they have no obligation to establish classical aggrievement. Accordingly, the court finds that the plaintiffs are aggrieved and have the right to bring the instant appeal.
The Variance
The facts are undisputed that John T. Conroy enlarged and winterized a former summer residence located at 724 Mulberry Point Road in the Town of Guilford. Under the Guilford Zoning Regulations Mr. Conroy's dwelling required an 8 foot sideline. Mr. Conroy employed a licensed surveyor, but the surveyor inadvertently staked the sideline at a point which was located 7.4 feet from Mr. Conroy's westerly boundary. Following a public hearing, the Guilford Zoning Board of Appeals determined that it was appropriate to vary the application of the zoning laws and that such a variance was in harmony with the general purposes and intent of the regulation and gave due consideration to the conservation of public health, safety, convenience, welfare and property values. The Board further found that with respect to the parcel of land involved, the conditions affecting it did not affect generally the district in which the parcel was located, such that a literal enforcement of the Zoning regulation would result in exceptional difficulty or undue hardship.
With regard to the approved variance the court is faced with a single issue. The court does not question that the record before the Guilford Zoning Board of Appeals supported its conclusions. The sole issue is whether or not the hardship which was found was self-created by the defendant John T. Conroy. The law is clear in Connecticut that a variance may not be used to remedy a self-created hardship. Thus, our Supreme Court has held in HighlandPark Inc. v. Zoning Board of Appeals, 155 Conn. 40, 43 (1967): CT Page 6472
 In other words, any hardship present in the situation is due to the property owner's own error, or the error of those employed by the owner and does not arise from the application of the zoning regulations themselves. [Citations omitted.] The evidence before the board fully supports this reason for its action. The board was without power to grant a variance when the claimed hardship was due to the property owner's own actions.
The defendants seek to carve an exception to the HighlandPark rule by citing Adolphson v. Zoning Board ofAppeals, 205 Conn. 703 (1988). In Adolphson
the property in question had been used as a nonconforming aluminum casting foundry located in an industrial zone. The foundry appears to have operated from 1953 until its sale in April of 1985. The 1985 purchasers filed for three variances with the ultimate purpose of changing the use of the property from a foundry to an automobile repair shop. The automobile repair shop was admittedly prohibited in the zone as was the nonconforming foundry. Notwithstanding a claim that the hardship was known and self-created, the Supreme Court approved the variance. In Adolphson the Supreme Court distinguished cases such as Highland Park Inc. because the conversion allowed by the variance was from one nonconforming use to a less offensive nonconforming use. The Court observed:
 We recognize that nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit — in no case should they be allowed to increase. . . . We reiterate the unchallenged finding of the trial court that "the proposed use for the subject property operating under current regulations as to air pollution and the like would be far less offensive to the surrounding residents than a foundry."
Adolphson, at 710.
In short, Adolphson stands for the proposition that a nonconforming use may employ the device of a variance to produce a second and less offensive nonconforming use, but there is nothing in Adolphson that supports the proposition that a variance may be used when the hardship is self-created and there is no CT Page 6473 existing nonconforming use.
The court recognizes that there is out-of-state authority for a good faith exception to the self-created hardship prohibition on the granting of variances. Such an exception in one form or another is recognized in Pyzdrowski v. Board of Adjustment of theCity of Pittsburgh, 263 A.2d 426 (1970), a decision of the Pennsylvania Supreme Court. Likewise, a good faith exception was recognized by the Rhode Island Supreme Court in DeFelice v. ZoningBoard of Review of the Town of North Providence, 189 A.2d 685
(1963); and finally, by the Supreme Court Appellate Division, First Department in New York, in In Re Application of Belluscio v.Klein, 409 N.Y. Sup.2d 751 (1978).
DeFelice upheld a variance of a 15 foot setback, notwithstanding the fact that the hardship was self-created. The Rhode Island Court held, at page 688:
 Whether it was wise to grant a variance maybe a matter of one's view but we are of the opinion that the board had the power and authority to grant a variance if the facts warranted such action, and we think they did in this case. To be sure the original mistake was made by the applicants or by someone in their employ but we are of the opinion that it was an honest mistake, and it was so found to be by the board. The proposed uses . . . are permitted uses for this land. . . .
There is little question that factually this court could adopt as its own the foregoing finding of the Rhode Island Supreme Court. However, faced with our own Supreme Court's holdings in HighlandPark Inc., supra, and Pollard v. Zoning Board of Appeals,186 Conn. 32 (1982), the court is convinced that the good faith exceptions which are available in Pennsylvania, Rhode Island and New York are not presently the law of the State of Connecticut.
The court finds that the hardship in question was self-created and that under Connecticut law self-created hardship may not be the basis for the granting of a variance except under the very limited nonconforming use factual pattern of Adolphson.
Because the court finds no good faith exception to exist under Connecticut law, and because the court further finds that the CT Page 6474 hardship was self-created by the action of the surveyor retained by the defendant Conroy, the court finds that the Guilford Zoning Board of Appeals abused its discretion in granting the variance. Accordingly, the first count of the appeal is sustained.
Review of Zoning Enforcement Officer's Interpretation
In the second count of the appeal the plaintiff appeals from the decision of the Zoning Board of Appeals which upheld the Zoning Enforcement Officer's interpretation of the total side yard setback requirements set forth in Article III, Sec. 31, Table 3, Item 7a.
This section requires that the sum of the setbacks from the two side lot lines to be not less than 24 feet in an R-2 zone. On the subject property both sidelines jut westward at approximately the mid-point of the property impacting a small portion of the house. On both sides of the jut the total sideline equals or exceeds 24 feet. If one were to measure the total setback at the point of the jut from the extreme westerly point of the eastern boundary to the extreme easterly point of the western boundary, it would be possible to arrive at a calculation which does not include a total sideline setback of 24 feet. However, the court recognizes that it should accord some deference to the policies of local zoning officials in interpreting their own regulations. Fedorich v. Zoning Board of Appeals, 178 Conn. 610,616 (1979). In the instant case the Zoning Enforcement Officer's interpretation is a reasonable construction of the total side yard setback requirement in that 24 feet is met on both sides of the jut of the property. In determining the reasonableness of the Zoning Enforcement Officer's actions, the Zoning Board of Appeals was acting in its quasi-judicial capacity. Lawrence v. Zoning Board ofAppeals, 158 Conn. 509, 513-514 (1969). Accordingly, its actions in determining the meaning of the regulation lay within its sound discretion.
Our Supreme Court has held:
 In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it is unreasonable, arbitrary or illegal.
Toffolon v. Zoning Board of Appeals, 155 Conn. 558, 560
CT Page 6475 (1967).
In the instant case the interpretation of the Zoning Enforcement Officer, as affirmed by the Zoning Board of Appeals, is neither illegal, arbitrary, nor an abuse of discretion. Accordingly, the second count of the appeal is dismissed.