[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant Zoning Board of Appeals granting a variance for lot size and front yard setback covering the property at 124 Wheeler's Farms Road in Milford owed by the plaintiffs.
The highway in front of the property is a city street and the city was engaged in widening it to accommodate traffic moving along it.
The plaintiffs' property is in the RA zone which requires a lot size of 43,560 square feet. The property in question before the widening of the street was 25,265 square feet in area and was a valid nonconforming lot. The taking for the widening of the street was 3,093 square feet in area across the front of the property, which reduced the property area to 22,172 square feet. The applicable Zoning regulation requires a 50 foot front yard for the property. Before the taking by the city, the front yard of the plaintiffs' property was 59 feet wide and after the taking was 42 feet wide.
The defendant Zoning Board was presented with an application for two variances — for the reduction in the lot size and also for the reduction in width of the front yard of the plaintiffs' property.
The variances asked for were assigned for a hearing on April 13, 1993. Thereafter, the defendant Zoning Board voted to approve the application to reduce the lot size and the front yard width.
This appeal followed.
The plaintiffs claim that the State of Connecticut made the application to the defendant Zoning Board for the variances without their permission. Said procedure was followed and approved in the case of Smith v. Zoning Board of Appeals, 174 Conn. 323 (1978). The plaintiffs' claim therefore is without merit.
The defendant Zoning Board properly granted the variances requested under the facts of this case. CT Page 3117
The appeal is therefore dismissed.
The court must emphasize that the only issue before it was the status of the plaintiffs' property under the zoning law before and after the taking.
The validity of the taking and any damages resulting to the plaintiffs by the taking are not before the court in this proceeding.
The court also notes for the record that the parties did not call the court's attention to any other proceeding involving the property.
Thomas J. O'Sullivan Trial Referee