[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Lois Simpson, owner of the subject property situated at 217 Wheelers Farms Road in Milford, brings this appeal from the decision of defendant Zoning Board of Appeals of the City of Milford (ZBA) which granted the following request for variance as to her property:
 Lot is presently 27,878 + Sq. Ft. RA Zone requires 43,560 Sq. Ft. After our proposed taking of 566 + Sq. Ft. lot will be 27,314 + Sq. Ft. Front yard set back is presently 39 + Ft. RA Zone requires 50 Ft. CT Page 9048 After our taking front will be 31 + Ft.
The request, submitted by the Connecticut Department of Transportation pursuant to General Statutes § 48-24, served the objective of permitting the State of Connecticut to take the aforesaid square feet of property owned by Lois Simpson for the purpose of establishing easements and/or grading rights incident to widening and straightening a portion of Wheelers Farm Road, including the section in front of Lois Simpson's house at 217 Wheelers Farms Road. Furthermore, the variance allowed the subject house to remain a permitted use within the RA zone.
Appellant Lois Simpson cites the following as the claimed reasons for her appeal:
 1) that no legal hardship exists as is required by Connecticut law, and no evidence of any such hardship was presented;
 2) that any legal hardship presented at the hearing under Gen. Stat. § 48-24 was self-inflicted and not inhering in the property;
 3) that any hardship could have been avoided by not widening the road in front of the subject property;
 4) that the board relied upon inaccurate information contained in a class D survey, and the board should have used a class A survey in making its decision;
 5) that the alternative set forth in the ZBA's decision; namely, that if the variance were not granted, the City would be required to purchase the appellant's house and grounds, house and grounds, was an improper basis for granting the variance;
6) that the variance granted is contingent;
7) that the variance shall depreciate the CT Page 9049 value of the property substantially;
 8) that the variance was granted upon insufficient evidence;
 9) that since denying the variance would have required the residents of the City of Milford, including the resident members of the ZBA, to purchase the property, the members of the Milford ZBA were disqualified from approving the variance;
 10) that the approval violates the equal protection of the law because this variance was granted despite the fact that another variance of a much lesser nature was not;
 11) that the Connecticut Department of Transportation did not have standing, absent consent of the appellant land owner, to apply for the variance; and,
 12) that the granting of the variance violates the due process rights of the appellant in that the effect of the variance deprives that plaintiff of the effective use of her property and constitutes a total taking of her property.
At the public hearing Lois Simpson represented that the taking and use sought by the Department of Transportation would require the construction of at least a ten-foot retaining wall along the front yard of her property, rendering it considerably less desirable and less valuable.
The court has reviewed the record, and finds that Lois Simpson is aggrieved for the purpose to bringing this appeal.
SCOPE OF REVIEW
A trial court may not substitute its judgment for that of the administrative tribunal. Frito-Lay, Inc. v. Planning and Zoning Commission, 206 Conn. 554, 572-73,538 A.2d 1039 (1988). CT Page 9050
 [A] zoning board of appeals is endowed with a liberal discretion, and its actions are subject to review by the courts only to determine whether they were unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, [the courts] therefore review the record to determine whether there is factual support for the board's decision, not the contentions of the applicant.
Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265, 269-70, 588 A.2d 1372 (1991).
The standard for determining legal hardship has been articulated by the following language of our Supreme Court:
 The meaning of ". . . unusual hardship' as used in General Statutes § 8-6 has been extensively litigated. It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances beyond the control of the property owner. (Citations omitted.) Surely there is a clear case of uncommon hardship beyond the control of a property owner when the state seeks to condemn a portion of his or her land and thereby render it nonconforming to a minimum lot area restriction.
Smith v. Zoning Board of Appeals, 174 Conn. 323, 328
(1978). The Court finds that the taking in this case satisfies the aforesaid legal hardship requirement.
Concerning appellant's objection to the use by the ZBA of a class D, instead of a class A, survey, the Court finds that the use of a class D survey does not constitute legal error. According to the record, the appellant did not introduce evidence of a higher quality regarding the CT Page 9051 metes and bounds of the relevant properties.
Concerning bias, the Court does not find in the record any evidence of bias or of any conflicts that would have required disqualification of any members of the ZBA from ruling upon the request for variance.
As to the appellant's claims of constitutional infirmities, the Court finds that the action of appellee ZBA does not violate either the equal protection or the due process clause of our Constitution.
The standing issue of the Department of Transportation is sufficiently embraced within Smith v. Zoning Board ofAppeals, supra, so as not to require further comment.
Finally, any claim for the diminution in the value of Lois Simpson's property may be addressed in a separate proceeding, authorized by the General Statutes.
In conclusion, the Court finds from a review of the record that the action of the board in approving the variance is supported in the record. Furthermore, the Court finds that the approval was neither unreasonable, arbitrary, nor illegal.
For the foregoing reasons, the appellant's appeal is dismissed.
Clarance J. Jones, Judge