[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before this court as an appeal from the granting of a zoning variance by the Hartford Zoning Board of Appeals (ZBA). The variance was granted to Iglesia Pentecostal Tesadonica (defendant), a partnership operating for ecclesiastic purposes, for property located at 106 New Park Avenue, Hartford, Connecticut. The defendant purchased CT Page 14631 the property in question in 1992 for use as a church. Prior to this time, the building had been used as a union meeting hall. This property consists of a lot measuring fourteen one-hundredths of an acre with a two story brick building and is located in an "R-2" zoned area. Areas zoned as "R-2" are medium density residential districts which allow single, two- and three-family homes as of right. At the time of purchase and currently, churches are allowed within "R-2" zones based on the conditions outlined in Hartford Municipal Code Section 35-885.
After the defendant's purchase of the property in May, 1992, it made approximately $15,000 in improvements to the building to convert it to a church. In November, 1993, eighteen months after having purchased the property, the defendant applied to the ZBA for a variance to exempt the property from the requirements for a house of worship located in a residential zone. In particular, § 35-956(g) of the Hartford Zoning Regulations impose the following conditions as to lot size, setbacks and parking for a house of worship located in a residential zone:
1. The lot size must be at least three (3) acres.
2 The building(s) can occupy no more than 30% of a lot.
 3. The building(s) must be set back at least one hundred feet from adjacent residences.
 4. Side and rear yards must allow at least twenty-five feet of open space adjacent to property lines.
 5. Off-street parking must be provided to accommodate a building's maximum lawful capacity: at least one parking space for every four persons.
The defendant's lot size is one-seventh of an acre, less than 5% of what the Regulations requires for a Church in an R-2 zone. The building is within 20 feet of adjacent residences. Finally, the defendant's property has no on-site parking.
A hearing was held on January 18, 1994. At this meeting, the application for a variance was tabled due to the lack of plans for off-site parking. At a March 8, 1994, meeting, the application was unanimously denied because no hardship was shown as required by Hartford Zoning Ordinance Section 35-124(e). At another meeting held on May 17, 1994, the ZBA reheard the application. After CT Page 14632 deliberation, the ZBA voted 3-2 in favor of granting the variance, subject to the condition that the defendant provide documentation of an off-site parking arrangement and limit its services to three days a week. The ZBA, however, did not make a finding, as required by the Regulations, that the defendant's compliance with the Regulations would "result in unusual difficulty or unreasonable hardship."
This appeal is brought by Manuel and Belarmina Pereira and other neighbors of the church, as aggrieved parties, challenging the decision of the ZBA.
I. Aggrievement
The plaintiff Manuel Pereira's property is located within 100 feet of the subject property. He therefore is aggrieved by the decision of the ZBA.
II. Standard of Review
A local zoning board has the power to grant a variance under General Statutes § 8-6(3) where two basic conditions are satisfied: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Smith v. Zoning Board ofAppeals, 174 Conn. 323, 326, 387 A.2d 542 (1978).
It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Ward v.Zoning Board of Appeals, 153 Conn. 141, 145, 215 A.2d 104 (1965). Proof of hardship is a condition precedent to granting a variance.Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364,365, 423 A.2d 90 (1979). The hardship must "`arise from circumstances or conditions beyond the control of the property owner.'" Pollard v.Zoning Board of Appeals, 186 Conn. 32, 39, 438 A.2d 1186 (1982),quoting Smith v. Zoning Board of Appeals, 174 Conn. 323, 327,387 A.2d 542 (1978). "Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances beyond the control of the party involved." (Citations omitted.) Id., 39-40. It is CT Page 14633 well established that a hardship that is self-created is never a proper grounds for a variance. Id.
The applicant has the burden of establishing that the conditions for granting a variance have been met. Bogue v. ZoningBd. of Appeals of North Haven, 165 Conn. 749, 753, 345 A.2d 743
(1974). Proof of existence of such hardship is a condition precedent to the granting of such variances. Nash v. Zoning Board ofAppeals, 165 Conn. 576, 577, 345 A.2d 35; Berlani v. ZoningBoard of Appeals, 160 Conn. 166, 170, 276 A.2d 780.
Although it is desirable for a zoning authority to state the grounds for granting a variance and the failure to do so renders the court's review more cumbersome, it does not preclude the court from upholding the board's decision. As has happened in the case at hand, if the board fails to give the reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken. Parks v. Planning Zoning Commission,178 Conn. 657, 661-62, 425 A.2d 100 (1979); Ward v. Zoning Boardof Appeals, supra, 144. If no reason is found, the board's decision cannot be sustained. "Upon an appeal from the granting of a variance . . . the court may not substitute its own discretion for that of the board. It may interfere only if the board acted arbitrarily or illegally or so unreasonably as to have abused its discretion." Culinary Institute of America, Inc. v. Board of ZoningAppeals, 143 Conn. 257, 262 (1956).
As previously noted, the ZBA did not cite any reasons in support of its decision to grant a variance. A review of the record does not disclose a factual basis for granting the variance. The record does not support a finding of "unusual hardship." The defendant "has not demonstrated in the record that the hardship occasioned by enforcement of the zoning ordinance is any different in kind from that generally affecting properties in claim appears to be one of financial hardship. As previously noted, unless the refusal to grant a variance is confiscatory, depriving the landowner of any use of the property, a finding of financial hardship is not justified. Carini v. ZoningBoard of Appeals, supra. The record does not support such a finding of hardship.
Finally, although not argued or briefed by the parties, the ZBA erred in reconsidering its previous decision to deny the defendant's application for a variance. The record reflects that on March 8, CT Page 14634 1994, the ZBA denied the defendant's original application for a variance because of the failure of the defendant to demonstrate the required hardship. On May 17, 1994, without explanation, the defendant ZBA reconsidered the identical application and granted the application for the variance. It is the "established law of this state which prohibits a zoning board of appeals from reversing its previous decision unless the facts and circumstances which actuated the decision are shown to have so changed as to vitiate or materially affect the reason which produced and supported it and no vested rights have intervened. . ." Laurel Beach Assn. v.Zoning Board of Appeals, 166 Conn. 385, 387 (1974). See, also, Fuller, Connecticut Practice Book Series, Land Use Law and Practice, § 9.6 ("The board can reverse a prior decision if there has been (1) a material change of circumstances, or (2) other considerations have intervened affecting the merits and no vested rights have arisen. ") Because the record in this proceeding fails to justify a finding of material change of circumstances, the defendant ZBA erred in reconsidering and approving the defendant's application for a variance.
The plaintiff's appeal is sustained.
SO ORDERED.
Robert L. Holzberg, J.