[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appellant plaintiff, Joseph Mainolfi, an abutting landowner, has taken this appeal from a decision of the Derby Board of Zoning Appeals granting a variance to the appellee defendant property owners, the appellee defendants, Deborah M. Dorosh, John Dorosh and Anne Evanuik.
The variance granted was to allow the construction of an apartment over a garage located on the property known as 89 Park Avenue, Derby, Connecticut. There is presently on the property a three family house which is a nonconforming use, having been erected prior to the enactment of the Derby Zoning Ordinances. The property is located in an area designated for two family residences known as an R-5 zone. Multi-family dwellings are permitted as a special exception in an R-5 zone. A variance had previously been obtained to construct a two car garage on the property. The garage, as constructed, contained a second floor or attic with a roughed in electrical service and plumbing. While the variance granted previously was only to erect a two car garage, it is obvious that the owners' intention was to use the upper portion of the garage for living quarters at sometime in the future as evidenced by the variance which is the subject CT Page 1414-SSS matter of this appeal.
The appellant, as an abutting property owner, is an aggrieved person within the meaning of § 8-8 (a)91) of the Connecticut General Statutes and therefore entitled to bring this action.
The zoning ordinance requires a minimum of 3750 square feet per family residence. The lot at 89 Park Avenue contains 10,000 square feet for a three family dwelling. As previously stated, the dwelling is a non-conforming use.
The property which lies across 89 Park Avenue is zoned for industrial use and the abutting land is used as a preexisting junkyard.
The variance as requested was to convert the second floor of an existing garage into an apartment and for a lot area variance of 5,000 square feet in order to allow a fourth apartment on the site. The purpose of the requested variance was for the proposed apartment over the garage to be occupied by a family member to enable him to care for elderly relatives living in the three family dwelling and to take care of the property. The motion granting the variance contained a provision that the waiver was only for a relative's use of the apartment and should that change the variance would be null and void.
The only other evidence as disclosed by the transcript dealt with windows, exits, parking and the existing building.
 "It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Ward v. Zoning Board Appeals,
supra, 145. Proof of hardship is a condition precedent to granting a variance. Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 365, 423 A.2d 90 (1979). The hardship must "`arise from circumstances or conditions beyond the control of the property owner.'" Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39, 438 A.2d 1186
(12982), quoting Smith v. Zoning Board of Appeals, 174 Conn. 323. 327, 387 A.2d 542 (1978). `Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. . . . The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances beyond the control of the party involved.' (citations omitted.) Id. 39-40. It is well established that a hardship that is self created is never a proper grounds for a CT Page 1414-TTT variance. Id."
Aiken v. Zoning Board of Appeals, 18 Conn. App. 195, 205-206.
In the present instance, the hardship alleged does not arise out of the application of the zoning ordinance to the land but rather for the personal convenience of the appellees. No matter how sympathetic the court might be, the construction of the second floor of the garage with the roughing-in of the utilities was self-created and that, combined with the personal reasons stated at the hearing, do not constitute the grounds for a variance.
The appeal is hereby sustained. Judgment may enter accordingly.
The Court Curran, STR