[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Edward and Ann Asvazadourian, are the owners of property located at 20 Hemlock Trail, New Fairfield.
The plaintiff, William L. Brown, Jr., owns property which abuts the Asvazadourian property, and is known as 24 Hemlock Trail (Ex. 1 and 2).
The 20 Hemlock Trail property consists of .414 acres, and is located in an R44 (1 acre) residential zone (Ex. 6; ROR A-1).
The two story frame dwelling located on the north side of the property, is approximately four feet from the boundary with the plaintiff's property, 24 Hemlock Trail (Ex. 6; ROR G-6).
The dwelling, now used by the Asvazadourians as their principal residence (ROR F-2, p. 35), is in the location it was when the property was purchased by the defendants (ROR F-2, p. 18).
On July 25, 1996, the defendants applied to the New Fairfield Zoning Board of Appeals, seeking a variance of the setback requirements applicable to side yards, § 3.2.4b of the Zoning Regulations of the Town of New Fairfield (ROR G-1).
CT Page 7974
The variance was requested from twenty feet to four feet on the north side of the property, that portion immediately adjacent to the plaintiff's property.
The defendants were seeking to construct a second floor closet and attic, and a first floor vestibule entrance, and to relocate a portion of an existing bath (ROR A-1; ROR G-4, 5 6).
The proposed addition expanded the footprint of the house, in the area directly adjacent to the Brown property. (ROR G-6.)
On two prior occasions, the Asvazadourians had requested and obtained variances from the New Fairfield Zoning Board of Appeals.
A June 20, 1990 variance permitted the construction of a garage on the property, and a December 15, 1990 variance allowed an addition to a bedroom, and expansion of an existing loft to add a bathroom with shower stall (ROR B-5; ROR F-2, p. 3).
The later variance, while adding height to the structure, did not increase the existing setback nonconformity (ROR F-2, p. 18).
A public hearing concerning the July 25, 1996 application was held on August 15, 1996, and continued to September 5, 1996.
On October 17, 1996, the board voted unanimously to approve the application for a variance.
The motion, made by board member Jano, stated that the hardship involved: "there's no place else he could build what he wants to build over there." (ROR F-3, p. 6.)
From the approval of the setback variance, the plaintiff, William Brown, Jr., brings this appeal.
 I AGGRIEVEMENT
Section 8-8 (a)(1) of the Connecticut General Statutes defines an aggrieved person to include one "owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
CT Page 7975
As the owner of property abutting the parcel which is the subject of this appeal, the plaintiff, William L. Brown, Jr., is statutorily aggrieved by the decision of the New Fairfield Zoning Board of Appeals, within the meaning of § 8-8 (a)(1).
Because the plaintiff has established statutory aggrievement by showing that his property is within one hundred feet of the Asvazadourian property, it is unnecessary to determine whether he can also demonstrate classical aggrievement. McNally v. ZoningCommission, 225 Conn. 1, 8 (1993).
 II STANDARD OF REVIEW
A zoning board of appeals is endowed with liberal discretion, and its decisions are subject to review by the courts only to determine whether the board acted arbitrarily, illegally, or unreasonably. Pleasant View Farms Development, Inc v. ZoningBoard of Appeals, 218 Conn. 265, 269 (1991); Torsiello v. ZoningBoard of Appeals, 3 Conn. App. 47, 50 (1984).
The burden of demonstrating that the board acted improperly is upon the party seeking to overturn the board's decision.Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654 (1980);Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707 (1988).
Where a zoning authority has stated reasons for its actions, as it has here, a reviewing court may determine only if the reasons given are supported by the record, and are relevant to the decision. Horn v. Zoning Board of Appeals, 18 Conn. App. 674,676 (1989); Daughters of St. Paul, Inc. v. ZoningBoard of Appeals, 17 Conn. App. 53, 56 (1988).
A court should not usurp the function and prerogatives of a zoning board of appeals by substituting its judgment for that of the board, where an honest judgment has been reasonably and fairly exercised after full hearing. Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 206 (1995).
 III AUTHORITY TO GRANT A VARIANCE
Section 8-6 (3) of the Connecticut General Statutes provides CT Page 7976 the power to grant a variance, if two conditions are satisfied: (1) the variance must be shown not to affect substantially the comprehensive plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals,174 Conn. 323, 326 (1978).
The parties concede that the use of the Asvazadourian home as a single family residence is consistent with the comprehensive plan of the Town of New Fairfield.
The question, therefore, is whether the record supports a finding by the New Fairfield Zoning Board of Appeals of unusual hardship.
 IV BOARD COULD FIND HARDSHIP TO JUSTIFY GRANTING OF VARIANCE
The reason for the granting of the variance to the Asvazadourians, as stated in the motion adopted by the board, was that the applicant could not construct an addition to his home anywhere except within the setback area.
Although the maker of the motion appeared confused over whether the building was being expanded, the chairman of the zoning board of appeals corrected any misconception prior to the vote (ROR F-3, p. 6).
The defendants rely upon Stillman v. Zoning Board ofAppeals, 25 Conn. App. 631 (1991), in support of their argument that a hardship from which the board is authorized to grant relief is demonstrated by the record.
In Stillman, the owner of a legally nonconforming rectangular parcel proposed expanding the house by adding a bathroom and a laundry room to the first floor.
She proposed making the alteration to the home due to her advancing age, and sought a reduction in the side yard setback from 29.6 feet to 23.4 feet.
The board granted a variance, but the trial court found that CT Page 7977 it was without authority to grant the variance, and that no hardship existed on the property justifying a variance.
The Appellate Court disagreed, and found that the location of the well and septic system on the property, coupled with the size and shape of the lot, prevented expansion of the dwelling anywhere except within the area prohibited by the setback requirements.
Unique features, not personal to the applicant, supported the board's decision to grant the variance. Stillman v. Zoning Boardof Appeals, supra, 25 Conn. App. 636-37.
The Appellate Court further determined that the hardship due to the location of the septic system and the well, was not self created, because the improvements predated the zoning regulations, and further found that such personal factors as the advanced age of the applicant were insufficient to support a variance. Stillman v. Zoning Board of Appeals, supra,25 Conn. App. 637.
Here, the Asvazadourians purchased a dwelling located four feet from the plaintiff's property line (ROR F-2, p. 18). Although they increased the height of the structure, with the approval of the New Fairfield Zoning Board of Appeals, there has been no previous expansion of the footprint within the setback (ROR F-2, p. 22).
Although portions of the public hearing produced purely personal reasons for the construction of the addition and the reason for placing the addition within the setback adjacent to the plaintiff's property, (ROR F-2, pp. 34-35) the applicant's representative, John Lavagnino, informed the board that the proposed location was mandated by health department regulations.
Mr. Lavagnino explained that no alternative existed, given the current regulations, and argued that an alternative location was not an option (ROR F-2, pp. 51-52).
If the defendants are to prevail, they must prove to the board that the claimed hardship is different in kind from that generally affecting properties in the same zoning district, and that it arises from circumstances or conditions beyond the control of the individual property owner. Smith v. Zoning Boardof Appeals, supra, 174 Conn. 327. They must do so, consistent with the well settled and recognized principle that "personal CT Page 7978 hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." Garibaldi v. ZoningBoard of Appeals, 163 Conn. 235, 239-40 (1972).
Merely because an applicant might suffer economic hardship, or be financially inconvenienced, is not a hardship, and is not a sufficient basis for the granting of a variance. Krejpcio v.Zoning Board of Appeals, 152 Conn. 657, 662 (1965).
The granting of a variance is reserved for unusual or exceptional circumstances. Bloom v. Zoning Board of Appeals,supra, 233 Conn. 206-207; Ward v. Zoning Board of Appeals,153 Conn. 141, 145 (1965).
While Stillman has been criticized for providing a temptation to transgress some or all of the principles cited above, it has not been overruled.
In Bloom, the Connecticut Supreme Court cast doubt uponStillman's continued vitality, by stating that it did not necessarily endorse the Stillman holding, and observing that the inability of a property owner to add new structures to his property does not constitute a legally cognizable hardship. Bloomv. Zoning Board of Appeals, supra, 233 Conn. 210-11, note 13.
In light of Stillman, however, it can not be said that the New Fairfield Zoning Board of Appeals abused the liberal discretion vested in it, or acted in a manner which was arbitrary, illegal or unreasonable, in granting the setback variance to Edward and Ann Asvazadourian.
The record contains sufficient information to support the reason given by the board in support of the variance.
Therefore, under the compulsion of Stillman, and being unwilling to substitute its view of the facts for that of the duly constituted New Fairfield Zoning Board of Appeals, the court must dismiss the plaintiff's appeal.
The appeal of the plaintiff, William L. Brown, Jr., is DISMISSED.
RADCLIFFE, J. CT Page 7979