[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff property owner from a decision of the West Haven Zoning Board of Appeals granting an area variance on their property which was requested by the Department of Transportation [DOT] in connection with a partial taking for a road relocation project. The property, known 75 CT Page 15940 Prindle Hill Road, consists of 12 acres with a single-family residence in one corner, fronting on Prindle Hill Road. As a result of the proposed relocation of Morgan Hill Road, the plaintiff's property will be divided in two equal parcels and the corner lot where the residence is located will be reduced to an area of 33,960 square feet. The property is located in a Residential Planning Development (RPD) zone requires that a conforming lot contain at least 40,000 square. The plaintiff property owner has appealed the variance because it isolates the residential lot from the remainder of the property and effectively reverses the way the house sits on the street, such that the house will now back on the road instead of facing the street. The court finds that plaintiff is the owner of the property and is statutorily aggrieved by this decision. Conn. Gen. Stat. § 8-8 (1).
Whenever a condemning authority proposes a partial taking which results in creating a nonconforming lot, it is required by Connecticut General Statutes § 48-24 to obtain a variance from the local zoning board of appeals. The complete text of the statute reads:
 "A condemning authority, if acquiring less than the total amount of a single unit of contiguous property, shall, if the remaining portion of such property does not conform to the area requirements of existing zoning regulations, obtain a zoning variance for such remaining portion of property from the local zoning board of appeals before condemning any portion of such property. If such variance is not obtained prior to the taking by the condemning authority, the owner or owners of such single unit of contiguous property shall be reimbursed for the total amount of such unit and the condemning authority shall take title in fee simple to the entire unit of contiguous property."
Connecticut General Statutes § 8-6 (a)(3) authorizes a zoning board of appeals to grant a variance where two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Fiorellav. Zoning Board of Appeals, 144 Conn. 275, 280 (1957); Parsons v.Board of Zoning Appeals, 140 Conn. 290, 295 (1953); Smith v.CT Page 15941Zoning Board of Appeals, 174 Conn. 323, 326 (1978)
This court's review of the Zoning Board of Appeals decision is limited. If the record reasonably supports the agency's conclusion, the agency's decisions will not be disturbed.Frito-Lay, Inc. v. Planning Zoning Commission,206 Conn. 554, 578 (1988). The burden of proof is on the plaintiff to demonstrate that the Board acted improperly. Adolphson v. ZoningBoard of Appeals, 205 Conn. 703, 707 (1988); Eagan v. ZoningBoard of Appeals, 20 Conn. App. 561, 563-64 (1990).
Here, the plaintiff has not argued or attempted to show that the variance in any way substantially affects the comprehensive zoning plan. The corner unit affected will remain a residential property in a residential zone with a somewhat smaller (15%) lot area than otherwise permitted.
Although plaintiff, has shown an impact on his own property from the variance, plaintiff has not made any showing how this variance substantially affects the comprehensive plan. It is for the Board, not the court, to make this determination in reviewing the request for variance and there has been no showing that their decision was unreasonable or arbitrary.
The plaintiff next complains that the DOT did not make the required showing of hardship necessary to sustain the variance. Plaintiff seeks to distinguish or have this court reconsider the Supreme Court's decision in Smith v. Zoning Board of Appeals,supra, that a finding of hardship is implicit in a nonconsensual application by the Department of Transportation to obtain a variance to effectuate a land-taking. In Smith, the Supreme Court held as follows:
 "The meaning of "exceptional difficulty or unusual hardship' as used in General Statutes § 8-6 has been extensively litigated. It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 238-39; Highland Park, Inc. v. Zoning Board of Appeals, 155 Conn. 40, 43; Boe v. Zoning Board of Appeals, 151 Conn. 681, 683; McMahon v. Board of Zoning Appeals, 140 Conn. 433, 442. Surely there is a clear case of uncommon hardship beyond the control of a CT Page 15942 property owner when the state seeks to condemn a portion of his or her land and thereby render it nonconforming to a minimum lot area restriction. See 2 Rathkopf, Zoning and Planning (3d Ed.), p. 51-11. We conclude that exceptional difficulty or unusual hardship was implicit in the proposed taking which rendered the plaintiffs' property nonconforming and that no requirement of further proof of hardship devolved upon the state."
Smith, 174 Conn. 327-28.
Accordingly, this court finds the variance was properly granted under Smith v. Zoning Board of Appeals and the appeal is dismissed.
The Court
By Sequino, J.