[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff property owner, from a decision of the City of Bristol Zoning Board of Appeals, granting a minimum lot area and minimum front yard variances.
The property is on the corner of Hemlock Street and Pine Street known as 358 Pine Street. The court finds that plaintiff is the owner of the property and is statutorily aggrieved by this decision. Conn.Gen. Stat. § 8-8 (1).
The Applicant was the Connecticut Department of Transportation ["DOT"] in connection with a partial taking for the relocation of Route 72.
The DOT is proceeding in accordance with Conn.Gen. Stat. § 48-24. The complete text of the statute reads:
Sec. 48-24. Condemning authority to obtain zoning variance for portionof property not taken or take entire unit. A condemning authority, if acquiring less than the total amount of a single unit of contiguous property, shall, if the remaining portion of such property does not conform to the area requirements of existing zoning regulations, obtain a zoning variance for such remaining portion of property from the local zoning board of appeals before condemning any portion of such property. If such variance is not obtained prior to the taking by the condemning authority, the owner or owners of such single unit of contiguous property shall be reimbursed for the total amount of such unit and the condemning authority shall take title in fee simple to the entire unit of contiguous property.
The property was acquired by Martin B. Couture, by a Warranty Deed from Howard W. Clauss, Jr., dated March 28, 1980 and recorded in Volume 711 at Page 920 of the Bristol Land Records. The description in the Deed states CT Page 4042 that the property is One Hundred and Twenty-Five (125) feet by Fifty (50) feet, being a total area of 6,250 square feet. It is a legally nonconforming lot.
A Right of Way Survey (record item (i) entitled "City of Bristol Showing Land Acquired from Martin B. Couture by The State of Connecticut Department of Transportation Relocation of Route 72," dated December 2001, contains the following:
R-10 Zone
Minimum lot size = 10,000 square feet
Current lot size = 6,250 square feet
Proposed acquisition = 187 square feet
Proposed lot size after taking = 6,063 square feet
Minimum front yard 20 feet
Current front yard = 18 feet
Proposed front yard 10 feet
These calculations were presented to the Zoning Board of Appeals, by the DOT representative at the April 2, 2002 Public Hearing (record items (f)).
The Plaintiff, Martin Couture, appeared and spoke at the April 2, 2002 Public Hearing.
The plaintiff stated at the Public Hearing that "the rounding off to the corner basically ruins my front yard." He asks that "The State buy me out in my entirety and let me get on with my life."
Mr. Couture also told the Board Members that his house was hit by an automobile years prior to his acquiring the property. Mr. Couture has owned the property for 22 years.
The Plaintiff's (Appellant) Brief states the Zoning Board of Appeals cannot and should not permit the extension of a nonconforming use. This case does not extend or increase a non-conforming use (i.e., a commercial use in a residential zone). This application does not involve the use of the property. The parcel in question remains a residential use. CT Page 4043
At the April 2, 2002 Public Hearing the Bristol Zoning Board of Appeals had seven (7) variance applications from the Commissioner of Transportation.
The plaintiff's lot is located within a neighborhood of undersized lots in an R-10 Zone. The reduction of plaintiff's lot by 187 square feet will not violate the intent of the comprehensive plan.
The Plaintiff's (Appellant) Brief states the following: "Proof of exceptional difficulty or unusual hardship is absolutely necessary as a condition precedent to the granting of a zoning variance."
Smith v. Zoning Board of Appeals, 174 Conn. 323, is a case, involving a question of first impression, as to whether a condemning authority proposing a partial taking must show hardship to the property owner in order to obtain a zoning variance under General Statutes § 48-24.
In Smith, the Supreme Court held as follows:
The plaintiff next complains that the DOT did not make the required showing of hardship necessary to sustain the variance. Plaintiff seeks to distinguish or have this court reconsider the Supreme Court's decision inSmith v. Zoning Board of Appeals, supra, that a finding of hardship is implicit in a nonconsensual application by the Department of Transportation to obtain a variance to effectuate a land-taking. InSmith, the Supreme Court held as follows:
The meaning of "exceptional difficulty or unusual hardship" as used in General Statutes § 8-6 has been extensively litigated. It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner.Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 238-39, 303 A.2d 743;Highland Park, Inc. v. Zoning Board of Appeals, 155 Conn. 40, 43,229 A.2d 356; Boe v. Zoning Board of Appeals, 151 Conn. 681, 683,202 A.2d 245; McMahon v. Board of Zoning Appeals, 140 Conn. 433, 442,101 A.2d 284. Surely there is a clear case of uncommon hardship beyond the control of a property owner when the state seeks to condemn a portion of his or her land and thereby render it nonconforming to a minimum lot area restriction. See 2 Rathkopf Zoning and Planning (3d Ed.), p. 51-11. We conclude that exceptional difficulty or unusual hardship was implicit in the proposed taking which rendered the plaintiffs' property nonconforming and that no requirement of further proof of hardship devolved upon the state. CT Page 4044
Smith, 174 Conn. 327, 328; Cuzz-Acres Orange Limited Partnership v.City of West Haven Zoning Board of Appeals, 1999 WL 1268146
(Superior Court December 13, 1999).
Accordingly, this court finds that the variance was properly granted and the appeal is dismissed.
Richard J. Tobin, Judge CT Page 4045