[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONAPPEAL FROM ZONING BOARD DECISION
The plaintiff, Judith Colangelo, appeals from a decision of CT Page 562-AA the defendant, the Stratford Zoning Board of Appeals (hereinafter ZBA), and the Stratford Zoning Board of Appeals as Site Plan Reviewer for the Connecticut Coastal Management Act, in which the ZBA denied the plaintiff's application for a variance from the Stratford Zoning Regulations. The plaintiff also appeals from a decision of the defendant, Stratford Zoning Commission (hereinafter Zoning Commission) as Site Plan Reviewer for the Connecticut Coastal Management Act, in which the Zoning Commission denied the plaintiff's Site Plan application.
The plaintiff alleges that she is the owner of premises located at 50 Shoreline Drive, Fairfield, Connecticut. (Exhibit A: Warranty Deed; Appeal, dated June 24, 1994, count one, ¶ 1). By application dated March 18, 1994, the plaintiff submitted a request for a variance from the Stratford zoning regulations §§ 3.14[1] and 14.2[2] to the Stratford Zoning Board of Appeals. (Return of Record [ROR], Item 1: Variance Application). The plaintiff sought a variance from the regulations to permit an enlarged front deck and an expanded gable roof. (Appeal, ¶ 1; ROR, Item 1). The plaintiff claimed hardship for granting the variance; more specifically, she stated that the "[r]oof [was] susceptible to leaks and existing gable will solve the problem and deck will allow handicap access." (ROR, Item 1).
On March 18, 1994, the plaintiff also filed an application CT Page 562-BB for review of coastal site plans as required by the Coastal Management Act. General Statutes §§ 20a-90 through22a-112.[3] (ROR, Item 2: Application for Review of Coastal Site Plans dated March 18, 1994.).
On May 3, 1994, the ZBA conducted a public hearing on the plaintiff's application. (ROR, Item 26: Transcript of Public Hearing, dated May 3, 1994; Item 27: Zoning Board of Appeal Minutes, dated May 3, 1994.). All five members of the ZBA voted to table, for further consideration, the plaintiff's petition to waive §§ 3.14 and 14.2 of the zoning regulations in order to allow the plaintiff to build an enlarged front deck and an expanded gable roof. (ROR, Item 27, p. 2). On June 7, 1994, after reviewing the site plan as required by the Coastal Management Act, four members of the ZBA voted to grant, with modification, Colangelo's petition.[4] (ROR, Item 25: Transcript of Zoning Board of Appeals Administrative Session, dated June 7, 1994; Item 28: Zoning Board of Appeal Minutes, dated June 7, 1994). The plaintiff's request to enlarge the front deck from six feet to eight feet in width was denied. (ROR, Item 25, Item 28). After reviewing the site plan, the five members of the Zoning Commission voted unanimously to grant Colangelo's petition as to the expanded gabled roof, but denied the petition as to the enlarged deck. (ROR, Item 29: Transcript of Zoning Commission Administrative Session, dated June 13, 1994; Item 30: Minutes of CT Page 562-CC the Zoning Commission Administrative Session, dated June 13, 1994; Item 31: Coastal Site Plan Review, dated June 15, 1994).
Gary Lorentson, Planning Zoning Administrator, and Shirley Piccirillo, Secretary/Clerk, sent letters notifying the plaintiff of the ZBA's decision. (ROR, Item 6: Letter from Shirley Piccirillo, dated June 9, 1994; Item 7: Letter from Gary Lorentson, dated June 9, 1994). By a letter dated June 15, 1994, the Zoning Commission also informed the plaintiff of its decision. (ROR, Item 8: Letter from Gary Lorentson, dated June 15, 1994).
The plaintiff now appeals from the ZBA's decision to grant with modification her variance application, and the Zoning Commission's decision to grant with modification her site plan application.[5]
The plaintiff brings this appeal from the decisions of the defendants, the Zoning Board of Appeals and the Zoning Commission, denying her request for an expanded deck pursuant to General Statutes § 8-8. In order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right. Simko v. ZoningBoard of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). The statutory provisions are mandatory and jurisdictional in nature, CT Page 562-DD and failure to comply will result in dismissal of an appeal. Id.Aggrievement
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, ___ A.2d ___ (1996). An owner of the subject property is aggrieved and entitled to bring an appeal. WinchesterWoods Associates v. Planning Zoning Commission, 219 Conn. 303,308, 592 A.2d 953 (1991).
In the present case, the plaintiff has alleged that she "is the owner of the land involved in the decision." (Appeal, count one, ¶ 3). Therefore, the plaintiff has pleaded aggrievement. The plaintiff has provided proof of ownership in the form of a warranty deed. The court finds that the plaintiff has properly pleaded and proven aggrievement. (Exhibit A: Warranty Deed). SeeState Library v. Freedom of Information Commission,41 Conn. App. 641, 648, ___ A.2d ___ (1996) (the plaintiff "has the burden of proving aggrievement in the trial court.").
"In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Internal quotation marks omitted.) Smith v. ZoningCT Page 562-EEBoard of Appeals, 227 Conn. 71, 80, 629 A.2d 1089 (1993), cert. denied, 114 S.Ct. 1190 (1993). "Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing[.]" (Internal quotation marks omitted.) Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 206, 658 A.2d 559 (1995). "Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Id., 206. "Where a zoning commission has formally stated the reasons for its decision, the court should not go behind that official collective statement of the commission . . . where there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." (Brackets omitted; Internal quotation marks omitted.) West Hartford InterfaithCoalition, Inc. v. Town Council, 228 Conn. 498, 514-15,636 A.2d 1342 (1994). "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 206.
"Variances are, in a sense, the antithesis of zoning." (Internal quotation marks omitted.) Simko v. Ervin,
CT Page 562-FF234 Conn. 498, 505, 661 A.2d 1018 (1995). "A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations." (Internal quotation marks omitted.) Reid vZoning Board of Appeals, 235 Conn. 850, 857, 670 A.2d 1271
(1996).
"Our law governing variances is well settled. Section8-6(a)(3) provides in relevant part that a zoning board of appeals may `determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing toconditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship. . . .' (Emphasis added.)" Reid v. Zoning Board of Appeals, supra,235 Conn. 856-57.
General Statutes § 8-6 is interpreted as authorizing "a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be CT Page 562-GG shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 207.
A zoning board of appeals "is endowed with a liberal discretion." Francini v. Zoning Board of Appeals, 228 Conn. 785,791, 639 A.2d 519 (1994). The board's actions are reviewed by the court "only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Id., 791.
"[General statutes] [s]ection 22a-105[6] does require the Board, when acting on a variance application for property in a coastal boundary . . . to apply not only the requirements for a variance specified by local regulation but also the coastal area management criteria specified in the [Coastal Management] Act. General Statutes § 22a-105(b)(4), 22a-105 (c)." Vom Saal v.Zoning Commission of Stratford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 279021 (December 30, 1991, CT Page 562-HH McGrath, J.). In addition, "[i]t is noted that [General Statutes] section 22a-105 also requires a zoning commission, when acting on a site plan submitted in accordance with [General Statutes] section 22a-109,[7] to apply . . . not only the requirements specified by local regulation but also the coastal area management criteria specified in the Act. General Statutes § 22a-105 (b)(1), 22a-105 (c)." Id.
"The coastal management act delegates the administration of the state-wide policy of planned coastal development to local agencies charged with responsibility for zoning and planning decisions. See General Statutes §§ 22a-105, 22a-106. The act envisages a single review process, during which proposals for development within the coastal boundary will simultaneously be reviewed for compliance with local zoning requirements and for consistency with the policies of planned coastal management."Vartuli v. Sotire, 192 Conn. 353, 358, 472 A.2d 336 (1984), overruled in part on other grounds, 225 Conn. 432, 446 n. 7,623 A.2d 1007 (1993). See General Statutes § 22a-109.
"In concluding that the Act envisages a single review process, the court in Vartuli was referring to the requirement that a zoning commission apply both local regulations and coastal area management criteria in reviewing site plans for construction in a coastal boundary. [Vartuli v. Sotire, supra, 192 Conn.] CT Page 562-II 362-63." Vom Saal v. Zoning Commission of Stratford, supra. "Where both a variance and coastal site plan pursuant to section 22a-109
are required, the Zoning Board of Appeals acts on the variance application as directed by [General Statutes §§] 8-6[8] and22a-105 and the zoning commission acts on the coastal site plan application as directed by [General Statutes §] 22a-109. In so acting, both are required to apply coastal management criteria. See General Statutes § 22a-105." Id.
 I
The plaintiff argues that the Board of Zoning Appeals erred in granting with modification her petition for a variance, when she presented sufficient evidence to show that the expanded deck would not substantially affect the comprehensive zoning plan and adherence to the zoning ordinance would cause unusual hardship. See Bloom v. Zoning Board of Appeals, supra, 233 Conn. 207.
The plaintiff maintains that the variance to waive §§ 3.14 and 14.2 of the Zoning Regulations was consistent with other uses in the area in that the defendants had granted 8 foot decks to the plaintiff's neighbors. The plaintiff also submitted a letter from McCarthy Associates to show that her condominium association had approved "enlarging the front deck (Shoreline Drive side) from 6' width to 8' width." (ROR, Item 17: Letter from McCarthy CT Page 562-JJ Associates, dated May 2, 1994).
The ZBA granted the plaintiff's variance application with the proviso that the deck could not be enlarged in width from 6 feet to 8 feet. (ROR, Item 7). In the opinion of the ZBA "granting of this application would in no way cause any unacceptable or adverse impacts on any coastal resources." (ROR, Item 7). See VomSaal v. Zoning Commission of Stratford, supra.
 A
"The comprehensive plan is found in the zoning regulations themselves. Adolphson v. Zoning Board of Appeals, [205 Conn. 703,713, 535 A.2d 799 (1988)]." Pike v. Zoning Board of Appeals,31 Conn. App. 270, 277, 624 A.2d 909 (1993). The preface of the Stratford Zoning Regulations states that the regulations are adopted "in order to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health and general welfare . . . and to encourage the most appropriate use of the land throughout the Town of Stratford." To promote that purpose, Stratford Zoning Regulations § 3.14 prohibits the construction of not only new buildings, but also the construction of any minor additions to the existing buildings, unless such construction is consistent with the policies articulated in the Coastal Management Act. The policies of the Coastal Management CT Page 562-KK Act have been incorporated into the Stratford Regulations, and therefore, are part of the comprehensive zoning plan of the town. The enlarged deck requested by the plaintiff is contrary to the character of the zone as established by Stratford Regulations § 3.14. The question remains, however, whether it would substantially affect the comprehensive plan for the zone. The ZBA and the Zoning Commission denied the enlarged deck on the ground that its construction was contrary to the purpose and intent of the Coastal Management Act. (ROR, Item 7; Item 8). See General Statutes § 22a-92 to 22a-109; Stratford Regulations § 3.14. General Statutes § 22a-105 states in pertinent part: "[t]he board or commission reviewing the coastal site plan shall . . . approve, modify, condition or deny the activity proposed in a coastal site plan on the basis of the criteria listed in section 22a-106[9] to ensure that the potential adverse impacts of the proposed activity on both the coastal resources and future water-dependent development activities are acceptable." General Statutes § 22a-106 provides in pertinent part: "(d) A municipal board or commission approving, modifying, conditioning or denying a coastal site plan on the basis of the criteria listed in subsection (b) of this section shall state inwriting the findings and reasons for its action." (Emphasis added.)
In the present case, the ZBA and the Zoning Commission failed CT Page 562-LL to state in writing what potential adverse impacts to coastal resources might arise if the deck was enlarged from 6 feet to 8 feet in width. See General Statutes § 22a-106 (b). "[W]here there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." (Internal quotation marks omitted.) West HartfordInterfaith Coalition, Inc. v. Town Council, supra, 228 Conn. 515.
In addition, there is no factual support in the record for the ZBA and the Zoning Commission's conclusion that the enlarged deck was contrary to the purpose and intent of the Coastal Management Act.
The court, however, must search the record to see whether the granting of the variance would substantially affect the comprehensive plan in any other manner, despite the ZBA's failure to specify its reasons for denying the enlarged deck. See Pike v.Zoning Board of Appeals, 31 Conn. App. 270, 277, 624 A.2d 909
(1993) (the trial court properly searched the record to determine if the variance would substantially affect the comprehensive zoning plan, even though the zoning commission did not cite this as a reason for denying the application.) The record does not contain any evidence that would support the conclusion that the deck would substantially affect the comprehensive zoning plan. CT Page 562-MM Therefore, this court finds that enlarging the deck in width from 6 feet to 8 feet would not substantially affect the comprehensive plan or cause adverse impact on any coastal resources.
 B
In order for the plaintiff to prevail on her appeal, the plaintiff must also show that adherence to the strict letter of the zoning ordinance would cause unusual hardship. Bloom v.Zoning Board of Appeals, supra, 233 Conn. 207.
The plaintiff contends that the board's denial of the variance as to the enlarged deck constitutes undue hardship because she is unable to open the front door of her home, thereby, denying "her family, friends and guests who are or may become handicapped, proper ingress and egress." (Plaintiff's Brief). The plaintiff maintains that she had to raise her house to 13' in order to meet federal and state regulations established for homes in the flood zone. (ROR, Item 22; Plaintiff's Brief). After raising her home to the 13' level, the plaintiff stated at the public hearing that a deck with a width of 8 feet would be required in order to provide safe ingress and egress. (ROR, Item 26, pp. 3-4). The only evidence that the plaintiff presented to the board concerning this issue came from her husband, Louis Colangelo. During his testimony in front of the ZBA, Louis CT Page 562-NN Colangelo explained that "[w]hen [the contractor] rebuilt [the deck] he called me and said this isn't going to work. Six [feet] with the [house] raised at 13 feet, you're going to open that door and knock anybody off that landing. It has to be out to 8." (ROR, Item 26, pp. 3, 4). The plaintiff also maintains that the ZBA has granted 8 foot decks to all applicants before, during and after plaintiff's applications.[10] (ROR, Item 35; Item 36). The plaintiff argues that by refusing to grant her variance, the ZBA has unreasonably discriminated against her.
"Proof of hardship is a condition precedent to granting a variance. The hardship must arise from circumstances or conditions beyond the control of the property owner." (Citations omitted; internal quotation marks omitted.) Kelly v. Zoning Boardof Appeals, 21 Conn. App. 594, 598, 575 A.2d 429 (1990). "It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district . . . ." Smith v. Zoning Board of Appeals,174 Conn. 323, 327, 387 A.2d 542 (1978). The burden is on the applicant to prove hardship. Carini v. Zoning Board of Appeals, 164 Conn. 169,172, 319 A.2d 390 (1972), cert. denied, 414 U.S. 831,94 S.Ct. 64, 38 L.Ed.2d 66 (1973), reh. denied, 414 U.S. 1087. The hardship established by a party seeking a variance must be a legally cognizable hardship. Kelley v. Zoning Board of Appeals,
supra, 21 Conn. App. 595. CT Page 562-OO
In the present case, the hardship faced by the plaintiff is not different in kind from that generally affecting properties in the same zoning district. All homes located in the flood zone are subject to the same federal and state regulations. Therefore, the necessity to enlarge the deck as a result of raising the house to meet federal and state regulations cannot amount to undue hardship with respect to the plaintiff.
"It is also well established that self-inflicted hardship which arises because of individual actions by the applicant will not provide a zoning board of appeals with sufficient reason to grant a variance." Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 239, 303 A.2d 743 (1972). "Hardships in such instances as these do not arise from the application of zoning regulations, per se, but from zoning requirements coupled with an individual's personal needs, preferences and circumstances. Personal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance." Id., 239-40. The plaintiff has requested an enlarged deck on the ground that a deck six feet in width is not wide enough to allow a person to stand on it safely when the door is open. (ROR, Item 26, pp. 3-4). This hardship is one that is created from the zoning requirements coupled with the plaintiff's own personal preference CT Page 562-PP and/or the circumstance of having the door of her house opening from the inside outward. "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditionsbeyond the control of the party involved." (Emphasis added; internal quotation marks omitted.) Kaeser v. Zoning Board ofAppeals of Stratford, 218 Conn. 438, 445, 589 A.2d 1229 (1991). In the present case, the condition of the door is not beyond the control of the party in that the plaintiff could change the direction that her front door opens, thereby eliminating the hardship.
The granting of a variance by the defendant ZBA to another property belonging to the plaintiff's neighbors, "whether identical or not, cannot serve as the basis for this court overturning the denial of a variance by the ZBA in this case."Delmonte v. Zoning Board of Appeals, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 133115 (June 20, 1994, Alander, J.). "In Haines v. Zoning Board of Appeals,26 Conn. App. 187[, 599 A.2d 399] (1991), the Connecticut Appellate Court reversed the trial court's sustaining an appeal from the Zoning Board of Appeal's decision to deny a variance where the trial court's decision was based on the fact that a `virtually identical' variance was granted by the ZBA to a neighbor. The CT Page 562-QQ Appellate Court ruled that each case must be decided on its own merits. See also Highland Park, Inc. v. Zoning Board of Appeals,155 Conn. 40, 43[, 229 A.2d 356] (1967)." Delmonte v. ZoningBoard of Appeals, supra.
The plaintiff has not established a legally cognizable hardship. The ZBA correctly denied the plaintiff's variance application as to the enlarged deck.
"A coastal site plan application must conform to the municipal zoning regulations and the provisions and criteria in sections 22a-105 and 22a-106 of the General Statutes." R. Fuller,Land Use Law and Practice, Vol. 9, § 33.10, p. 589. See VomSaal v. Zoning Commission of Stratford, supra. "With respect to review of a coastal site plan, proceedings before the planning and zoning commissions are classified as administrative." (Internal quotation marks omitted.) DeBeradinis v. ZoningCommission, 228 Conn. 187, 198, 635 A.2d 1220 (1994). "The action of the commission should be sustained if even one of the stated reasons is sufficient to support it." (Internal quotation marks omitted.) Id., 199. "The evidence, however, to support such a reason must be substantial[.]" (Internal quotation marks omitted.) Id. The zoning commission granted the plaintiff's site plan review with the stipulation that the plaintiff could not construct an enlarged deck. (ROR, Item 8.) It was the opinion of CT Page 562-RR the zoning commission that "the granting of this application would in no way cause unacceptable or adverse impacts on any coastal resources." (ROR, Item 8.) The zoning commission's conclusion that the deck would cause unacceptable or adverse impacts on any coastal resources is not supported in the record by substantial evidence. In fact, there is no evidence in the record that would support the zoning commission's stated reason.
The plaintiff's request, however, for an enlarged deck does not conform to Stratford Regulations § 3.14. The zoning commission can only approve a site plan application when it conforms to the local regulations. See R. Fuller, Land Use Lawand Practice, supra, p. 589. The plaintiff needed to obtain a variance from the ZBA in order for the zoning commission to be able to approve the plaintiff's coastal site plan.
 II
The plaintiff argues that the variance was "essential for plaintiff['s] use and enjoyment of her property because without the 8 foot deck plaintiff would be deprived of the use and enjoyment of her property as a result of the FEMA requirements regarding the raising of her home." (Plaintiff's Brief).
"The plaintiff may prevail on [her] claim of a constitutional CT Page 562-SS deprivation if the board's denial of the variance constituted a taking, either as a practical confiscation of [her] property or by application of a balancing test." Francini v. Zoning Board ofAppeals, supra, 228 Conn. 792. The plaintiff, however, "is not entitled to judicial review of the merits of [her] regulatory takings claim until [she] has met the requirement of establishing the finality of the agency determination. . . . To demonstrate the requisite finality, a property owner asserting a regulatory takings claim bears the burden of proving that the relevant government entity will not allow any reasonable alternative use of [her] property." (Emphasis in original; internal quotation marks omitted.) Id., 792. "[A] final deprivation has occurred when there were no economically viable uses of the land . . . or there has been a practicable confiscation of the entireproperty." (Citations omitted; emphasis added.) Smith v. ZoningBoard of Appeals, supra, 227 Conn. 100.
In the present case, the plaintiff's house may still serve as the family residence despite the ZBA and the Zoning Commission's denial of her variance and site plan applications, respectively, as to the enlarged deck. Consequently, these decisions do not deprive the plaintiff of all economically beneficial uses of her land. Nor does the board's denial of the enlarged deck amount to a practicable confiscation of the entire property. Therefore, this court finds that the plaintiff is not entitled to judicial CT Page 562-TT review of the merits of her regulatory takings claim because she has failed to establish that a final deprivation has occurred.
 III
In 1989, the ZBA approved a variance and the Zoning Commission approved a coastal site plan application allowing the plaintiff to construct an 8' x 16' front deck. (ROR, Item 22: A Letter from Gray Lorentson to the ZBA, dated May 3, 1994). At that time, the plaintiff built a deck that was only 6 feet in width because the plaintiff's condominium association would not approve a deck that was 8 feet in width. (ROR, Item 26, p. 6). In 1992, the plaintiff's deck was damaged during a storm. (ROR, Item 26, p. 3). The plaintiff had replaced the damaged deck with a deck that was 8 feet in width without first seeking a variance from the Zoning Board of Appeals and a site plan approval from the Zoning Commission.[11] (ROR, Item 26, p. 3, 7; Item 16, Exhibit 3-A). The plaintiff argues that the ZBA is prohibited from reversing its previous decision unless the facts and circumstances upon which the decision was based have materially changed. (Plaintiff's Brief). The defendants maintain that the ZBA was not bound by its earlier decision approving the plaintiff's petition for a variance from Stratford Regulation § 3.3 to build an 8' x 16' deck because there has been a material change of circumstances and no vested rights have CT Page 562-UU intervened.
"A zoning board of appeals is generally precluded from reversing a prior decision unless there has been a material change of conditions, or other considerations have intervened affecting the merits, and no vested rights have arisen." Wrightv. Zoning Board of Appeals, 174 Conn. 488, 492, 391 A.2d 146
(1978). "It is an established principle of zoning law that an agency should adhere to its prior decision absent a substantial change of conditions." McGettigan v. Zoning Board of Appeals,
Superior Court, judicial district of Stamford at Norwalk, Docket No. 133828 (December 16, 1994, Alander, J.). "The board's liberal discretion . . . is limited where it has previously acted on the same application relating to the same parcel. In such a situation, the zoning board of appeals is prohibited from reversing the previous decision unless facts and circumstances have materially changed so as to effect the reason for the original decision and no vested rights have intervened." (Emphasis added.) Haines v. Zoning Board of Appeals,26 Conn. App. 187, 191-92, 599 A.2d 399 (1991).
In 1989, the plaintiff sought a variance from Stratford Regulation § 3.3 to build an 8' x 16' deck. (ROR, Item 33 (a)). The court, however, does not have sufficient record of the events and proceedings connected with the plaintiff's 1989 CT Page 562-VV petition to address the validity of the ZBA's decision to grant the variance as to the deck in 1989. See Vom Saal v. ZoningCommission of Stratford, supra. "However, a public authority is presumed to have done its duty according to law until the contrary appears. Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 537, 525 A.2d 940 (1987); Murach v. Planning andZoning Commission, 196 Conn. 192, 205, 491 A.2d 1058 (1985)." VomSaal v. Zoning Commission of Stratford, supra. Therefore, the court may assume that in approving the plaintiff's 1989 variance and site plan applications, the ZBA and the Zoning Commission properly applied the requirements of the local regulations. Consequently, the variance obtained by the plaintiff in 1989 must also be assumed to be valid because the court has no evidence indicating that the ZBA or the Zoning Commission failed to do its duty according to the law.
The defendants have offered several bases for the court to find that the facts or circumstances have materially changed so as to affect the reason for granting the variance in 1989. In support of their assertions, the defendants emphasize that: (1) a rear deck and new expanded gable roof have been built; (2) the cottage on the Premises has been raised to 13' above the mean high tide; (3) a new fire lane was established in 1989; and (4) the plaintiff's 8 foot deck extends farther out into the street than other front decks on Shoreline Drive. (Defendants' Brief, p. CT Page 562-WW 17)
After reviewing the transcripts and minutes of all the meetings of the ZBA and the Zoning Commission, there is no evidence in the record that the construction of the rear deck and the expanded gable roof or the raising of the plaintiff's house to 13 feet above the mean high tide since the ZBA granted the plaintiff's variance application in 1989 played a significant role in the ZBA and the Zoning Commission's decision to deny the plaintiff's variance application as to the deck this time.
During the ZBA's public hearing held on May 3, 1994, there was a brief discussion between the plaintiff's husband and Chairman Cabral regarding the fire lane being too close to the deck. (ROR, Item 26, p. 7-8). While referring to a picture of the deck and the fire lane, Chairman Cabral stated: "Now this one picture, I didn't quite, when I went out to look at it I didn't stand and look up and down the fire line but I see the fire line is in yellow, is it here? And this is showing it's behindthere." (Emphasis added.) (ROR, Item 26, p. 7). No other mention was made of the deck encroaching too far into the fire lane and being a safety hazard. Therefore, the ZBA and the Zoning Commission could not have reasonably found that the deck posed a safety hazard, and therefore the fire lane cannot be viewed as constituting a material change in circumstances. CT Page 562-XX
As to the plaintiff's deck extending farther out to the street than other front decks on Shoreline Drive, Chairman Cabral stated: "But now I look down the street and there's nobody out that far. On that side. . . . All I can see is all these other folks up and down the street saying, well [the plaintiff's husband] got a deck sticking out that far to the fire line. Can I go do that?" (ROR, Item 26, p. 8). Because the court does not have a record of the plaintiff's application to the ZBA for a variance in 1989, the court has no way of knowing how far the decks of the plaintiff's neighbors extended out to the street in 1989. Even assuming that the decks of the plaintiff's neighbors extended further out in 1989 than they do now, the fact that the plaintiff's deck extends further out than the decks of her neighbors cannot constitute a material change justifying the ZBA or the Zoning Commission reversing their prior decision.
The ZBA's approval of the 1989 variance application, however, was expressly conditioned on the plaintiff obtaining a building permit within eighteen months of the said approval.[12] (ROR, Item 32g: Letter of Decision). Shirley Piccirillo, Secretary of the ZBA, wrote to the plaintiff: "If a building permit is not obtained within eighteen months of this approval, this waiver shall be considered null and void." (ROR, Item 32g). By conditioning the variance upon obtaining a building permit within CT Page 562-YY eighteen months of the board's decision, the ZBA was simply informing the plaintiff of her obligations under Stratford Zoning Regulations § 21.2.[13] The record does not indicate that the plaintiff ever obtained a building permit to build a deck that was 8 feet in width. Because the record does not reveal that the plaintiff ever secured a building permit to build an 8' x 16' deck, the court finds that the prior variance acquired by the plaintiff in 1989 became null and void eighteen months after the ZBA approved the plaintiff's variance application. In Levine v.Plan Zoning Commission, 25 Conn. App. 199, 205-06, 594 A.2d 9
(1991), the appellate court interpreted a Fairfield regulation[14] that is similar to Stratford Zoning Regulations § 21.2. The court found that the plain language of the regulation evinces the intent "to allow a reasonable period for completion of an approved project as a special exception, in accordance with approved plans." Id., 206. A contrary finding would mean that a special exception or permit "would be forever alive, regardless of zoning changes." (Emphasis added.) Id.
The defendants argue that the plaintiff's variance application in 1989 was seeking an exemption from Stratford Zoning Regulations § 3.3,[15] while the 1993 application requested a variance from two entirely different sections of the Stratford Zoning Regulations, § 3.14, which prohibits enlargement of any existing building within the coastal area, and CT Page 562-ZZ § 14.2, which prohibits the enlargement of any nonconforming building or structure. (ROR, Item 33a: Plaintiff's variance application, dated April 4, 1989). Stratford Regulation § 3.14 was amended on April 17, 1991, and therefore it did not exist in its present form at the time plaintiff obtained her variance in 1989. (ROR, Item 32: Zoning Regulations of the Town of Stratford, p. 24).
The plaintiff's 1989 variance application sought an exemption from a frontage regulation. (ROR, Item 33a.) See Stratford Zoning Regulation § 3.3. The subsequent amendment of Stratford Zoning Regulations § 3.14 brought the plaintiff's 1993 variance application within the sphere of the Coastal Management Act.[16] In 1989, the ZBA could not have considered the relevance of the amended Stratford Zoning Regulations § 3.14 when deciding whether to grant the plaintiff's variance application. Further, the Zoning Commission also could not have considered the significance of the amended Stratford Regulations § 3.14 when approving the plaintiff's coastal site plan application to build an 8' x 16' deck. (ROR, Item 22.) Therefore, the amendment of § 3.14 satisfies the substantial change in facts or circumstances requirement needed for the board to overturn a prior decision.
The defendants also argue that no vested rights have arisen CT Page 562-AAA because the plaintiff failed to record the 1989 variance in the land records for the Town of Stratford as required by General Statutes § 8-3d. (ROR, Item 26, p. 7). General Statutes §8-3d provides in pertinent part: "No variance . . . shall be effective until a copy thereof . . . containing a description of the premises to which it relates and specifying the nature of such variance, . . . including the zoning bylaw, ordinance or regulation which is varied in its application . . . and stating the name of the owner of record, is recorded in the land records of the town in which such premises are located." (Emphasis added.) General Statutes § 8-7 provides that a variance granted by the local zoning board of appeal "shall become effective upon the filing of a copy thereof . . . in accordance with the provisions of § 8-3d." "The statute does not contain a time limit for recording special permits or variances, and presumably they can be recorded any time." R. Fuller, LandUse Law and Practice, vol. 9, 1993, § 24.7, p. 448. "If the notice is not recorded the use of the property would be a zoning violation, but more important, if the zoning regulations change before the copy was recorded, the property owner may lose the benefit of the variance or special permit." Id.
The record contains a form entitled "ZONING — SPECIAL EXCEPTION OR VARIANCE, RECORDING, GEN. STAT. SEC. 8-3d," pertaining to the variance granted to the plaintiff in 1989. CT Page 562-BBB (ROR, Item 33(h): recorded variance form.) It is signed by the Secretary of the Board of Zoning Appeals, Shirley Piccirillo. (ROR, Item 33(h).) The form does not indicate, however, when it was recorded nor is it attested to by the Town Clerk. However, the plaintiff did attach another copy of the same form to her supplemental return, which provides the date and time the variance was recorded and is also signed by the Town Clerk. Stapled to the form is an affidavit of the Assistant Town Clerk attesting to the fact that the plaintiff did indeed record the 1989 variance in the Stratford land records. General Statutes §§ 8-3d and 8-7 clearly make the effectiveness of the variance conditional on its recordation in the land records. This court finds that the plaintiff recorded the 1989 variance on the land records.
However, the plaintiff still would not have any vested rights accruing from the recorded variance. The 1989 variance was conditioned on the plaintiff securing a building permit to build an 8' x 16' deck within eighteen months of obtaining the ZBA's approval of her variance application. Stratford Zoning Regulation § 21.2 provides in pertinent part: "When a waiver or variance is granted by the board of zoning appeals, a building permit pursuant thereto shall be obtained within eighteen months of the effective date of approval, or any and all actions by the said board shall be null and void." As previously discussed, there is CT Page 562-CCC no evidence in the record that the plaintiff ever obtained a building permit to build an 8' x 16' deck. See footnote 13, supra. The recording of a variance makes it effective, but does not remove the obligation imposed on the plaintiff by Stratford Zoning Regulations § 21.2 to obtain a building permit and complete the approved project within a certain time period. See footnote 14, supra. Therefore, the failure to secure a building permit within eighteen months from the time the ZBA approved the plaintiff's variance application in 1989 extinguished any rights that the plaintiff may have obtained by recording the variance.
In conclusion, the plaintiff has failed to establish the existence of a legally cognizable hardship that would require the ZBA to grant the plaintiff's variance application; furthermore, there has been a material change of conditions from the time the plaintiff obtained her prior variance and no vested rights have intervened. For these reasons, this court dismisses the plaintiff's appeal from the decisions of the Zoning Board of Appeals and the Zoning Commission.
MORAN, J.